```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION
 3                      CASE 12-20634-CR-JLK
 4
     THE UNITED STATES OF AMERICA,
 5
                   Plaintiff,
 6
         vs.
 7
     CHRISTOPHER TERRY,                  MIAMI, FLORIDA
 8   JENNIFER RIVERA                     APRIL 2, 2013
                                         TUESDAY - 10:30 A.M.
 9             Defendants.
     _____
10
                   TRANSCRIPT OF SENTENCING HEARING
11          BEFORE THE HONORABLE JAMES LAWRENCE KING
                 SENIOR UNITED STATES DISTRICT JUDGE
12   _____
     APPEARANCES:
13
     FOR THE GOVERNMENT:
14
                         AMANDA PERWIN, A.U.S.A.
15                       United States Attorney's Office
                         99 N.E. 4th Street
16                       Miami, FL  33132 - 305/961-9013
                         Email:  amanda.perwin@usdoj.gov
17
     FOR THE DEFENDANT TERRY:
18
                         STEWART ABRAMS, A.F.P.D.
19                       Federal Public Defender's Office
                         150 W. Flagler Street
20                       Miami, FL 33130 - 305/530-7000
                         Email:  stewart_abrams@fd.org
21
     FOR THE DEFENDANT RIVERA:
22
                         SKY ELLIOT SMITH, ESQ.
23                       Sky Smith
                         3059 Grand Avenue, Ste. 310
24                       Miami, FL  33133 - 305/445-2201
                         Email:  cielo@bellsouth.net
25
```

1    REPORTED BY:

2                         ROBIN MARIE DISPENZIERI, RPR
                         Official Federal Court Reporter
                         Wilkie Ferguson Federal Courthouse
3                         400 N. Miami Avenue, Ste. 08S67
                         Miami, FL  33128 - 305/523-5659
4                         Email:  Rdispenzieri@gmail.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| 10:28:43 | 1 | THE COURT:  United States versus Terry, T-e-r-r-y, |
| 10:28:49 | 2 | Case Number 12-20634-CR. |
| 10:29:07 | 3 | We have Anna Martinez, Assistant U.S. Attorney for the |
| | 4 | government, and we have Mr. Stewart Abrams for the defendant. |
| | 5 | MS. PERWIN:  Actually, Your Honor, Amanda Perwin on |
| 10:29:15 | 6 | behalf of the United States.  With me is Special Agent Amanda |
| 10:29:19 | 7 | Detterine. |
| | 8 | THE COURT:  All right, we have Ms. Perwin for the |
| | 9 | government and Mr. Abrams for Mr. Terry. |
| | 10 | MR. ABRAMS:  Good morning, Judge. |
| | 11 | THE COURT:  I've reviewed the pre-sentence |
| | 12 | investigation report.  I've reviewed everything.  Is your |
| | 13 | client -- |
| 10:30:06 | 14 | MR. ABRAMS:  He's being brought in now, Judge. |
| 10:30:12 | 15 | THE COURT:  Both defendants are in court.  The other |
| | 16 | one we will take up in a moment. |
| 10:30:21 | 17 | With respect to Christopher Terry, there really are no |
| 10:30:32 | 18 | objections.  There was a motion filed on behalf of the |
| 10:30:39 | 19 | defendant on 3/22, docket number 61, Defendant Terry's |
| 10:30:54 | 20 | objections to the PSI. |
| 10:31:00 | 21 | The first one deals with paragraphs 3 and 14.  3 and |
| 10:31:06 | 22 | 14.  The objection there to -- the government didn't see fit to |
| 10:31:10 | 23 | file any objections or respond to any of this, so we don't have |
| 10:31:15 | 24 | the benefit of whatever their position may be. |
| 10:31:17 | 25 | The Probation Officer has noted that the government |

| 10:31:20 | 1 | failed to respond, so the Probation Officer couldn't give me a |
| 10:31:24 | 2 | recommendation either. |
| 10:31:26 | 3 | We will take up the objection first.  Then I will hear |
| 10:31:30 | 4 | from the government if they have something that they wish to |
| 10:31:33 | 5 | respond to the defense objection. |
| 10:31:36 | 6 | The objection is simply, straightforwardly, a |
| 10:31:43 | 7 | perception, perhaps a misperception by the defense counsel on |
| 10:31:48 | 8 | behalf of the defendant, that the issue is that he was not told |
| 10:31:51 | 9 | when he met the victim referred to as quote H.G., unquote, he |
| 10:32:02 | 10 | was not told by her that she was 16 years old when he met her |
| 10:32:07 | 11 | on the streets of New York. |
| 10:32:09 | 12 | That, of course, is not the issue.  The issue is |
| 10:32:12 | 13 | whether he knew she was 16 years old when he put her into |
| 10:32:22 | 14 | prostitution in Miami.  Nevertheless, the objection is that he |
| 10:32:26 | 15 | wasn't told at that first meeting.  So that's your position on |
|  | 16 | that. |
| 10:32:29 | 17 | I will ask the government since -- maybe now you would |
| 10:32:32 | 18 | like to respond to this and tell me where, in the record, they |
| 10:32:36 | 19 | are wrong in that.  This would be helpful. |
| 10:32:42 | 20 | MS. PERWIN:  Your Honor, we don't believe they're |
| 10:32:46 | 21 | wrong.  We have no objection to the PSI being amended to |
|  | 22 | reflect the fact -- |
| 10:32:46 | 23 | THE COURT:  It doesn't say that.  Let's take a look at |
| 10:32:50 | 24 | paragraph 14.  That's where this comes up.  It doesn't say -- |
| 10:32:55 | 25 | the defense spin that has been placed on it by an experienced |

| | |
|---|---|
| 10:33:02 | 1 | defense counsel.  He'd like to interpret it as being the issue |
| 10:33:05 | 2 | of whether or not, when he met her, she said, "Hi, I'm under |
| 10:33:10 | 3 | 16, or hi, I'm 19 years old."  That's not the issue. |
| | 4 | The issue here, and let's look at paragraph 14 -- |
| 10:33:17 | 5 | MR. ABRAMS:  Paragraph 3, Judge, is where that |
| 10:33:19 | 6 | reference is. |
| 10:33:20 | 7 | THE COURT:  Paragraph 14 says nothing about the |
| 10:33:23 | 8 | initial introduction of these two when she had her initial |
| 10:33:27 | 9 | meeting with the defendant. |
| 10:33:29 | 10 | Paragraph 3, now this says that, while in Manhattan, a |
| 10:33:51 | 11 | friend introduced her.  Well, this is a him.  A friend --  this |
| | 12 | doesn't make sense.  Let's start over again. |
| 10:34:04 | 13 | Police officers, Miami Dade, responded to a report of |
| 10:34:09 | 14 | gun fire.  Upon arrival -- I know, that was that older and I |
| 10:34:12 | 15 | think very fine police officer, that older man that went out |
| 10:34:16 | 16 | there and felt sorry for this girl and tried to be helpful to |
| 10:34:21 | 17 | her. |
| 10:34:21 | 18 | Upon arrival, a 16-year old was taken into custody. |
| 10:34:26 | 19 | She was transported where she was interviewed.  According to |
| 10:34:30 | 20 | her, that's the victim, H.G., on or about August 5th, 2012, |
| 10:34:38 | 21 | while in New York, a friend of the victim introduced her to |
| 10:34:42 | 22 | Terry and his girlfriend.  At that time, this is the victim, |
| 10:34:48 | 23 | informed them, she was 16 years old.  She stayed overnight at |
| 10:34:53 | 24 | their home and spent the next few days. |
| 10:34:57 | 25 | It's there that you suggest that the probation report |

| 10:35:04 | 1 | is in error, that she did not tell them she was 16 years old. |
| 10:35:10 | 2 | The government has nothing to contradict that. |
| 10:35:13 | 3 | I will, therefore, order that part, quote, "She |
| 10:35:18 | 4 | divulged at that time, she informed them she was 16 years old," |
| 10:35:23 | 5 | I will order that deleted.  That's paragraph 3, page 4 of the |
| 10:35:28 | 6 | PSI.  The objection is sustained. |
| 10:35:30 | 7 | It doesn't change the basic issue, which is whether he |
| 10:35:34 | 8 | knew when he put her out there prostituting herself and pimping |
| 10:35:40 | 9 | for her that she was 16.  The record seems to be quite clear on |
| 10:35:44 | 10 | that. |
| 10:35:44 | 11 | Now we move to the second objection. |
| 10:35:49 | 12 | Probation understands what is deleted, right?  I've |
| 10:35:52 | 13 | stricken it out already.  I put my initials there. |
| 10:36:00 | 14 | Now, then, we turn to the second objection, paragraph |
| 10:36:05 | 15 | 27, where counsel for the defense, again, very experienced, |
| 10:36:11 | 16 | very capable, has repeated his closing argument to the jury, |
| 10:36:16 | 17 | which has found against him on this matter. |
| 10:36:18 | 18 | The jury was totally convinced, obviously, that he |
| 10:36:22 | 19 | knew, for all the reasons that were developed at the trial of |
| 10:36:25 | 20 | the case, which is the record, is the record at this sentencing |
| 10:36:29 | 21 | hearing, the trial and the PSI.  That's the only record we |
| 10:36:38 | 22 | have.  That is the record. |
| 10:36:40 | 23 | There, the objection is, and you stated it very well |
| 10:36:48 | 24 | in all your pleadings, that although she was a minor, she was a |
| 10:37:04 | 25 | street wise young woman who knew how to survive, willing to get |

10:37:10  1  in cars up with people and all that.

10:37:12  2       In other words, that he unfortunately met somebody

10:37:15  3  that, in his mind, was already a prostitute or something to

10:37:19  4  that effect.  That's the argument you made to the jury.  It's

10:37:23  5  been rejected.  I don't mean to limit you, but go ahead and

10:37:27  6  tell me whatever you want.

10:37:30  7       MR. ABRAMS:  Judge, we do not quarrel, at this

10:37:34  8  juncture, with the jury's verdict.  The jury's verdict was that

10:37:39  9  there was sex trafficking of a minor by force, fraud, and

10:37:42  10  coercion.  That's what the conviction was for.

10:37:45  11       The objection is to the enhancement for unduly

10:37:50  12  influencing the minor to engage in the conduct which is charged

10:37:54  13  in this case.

10:37:55  14       The offense itself encompasses the action of taking a

10:38:05  15  minor, of transporting the minor, and the jury has spoken on

10:38:11  16  the issue of fraud, force, or coercion.  But this is an

10:38:16  17  additional two points for undue influence.

10:38:20  18       The reason we contest those two points, Judge, and

10:38:23  19  these were factors that we couldn't argue during the trial,

10:38:27  20  pursuant to Federal Rule of Evidence 412, was based on the

10:38:32  21  behavior, if you will, of the 16-year old victim, who we know

10:38:36  22  her name, I'm just going to refer to her now as H.G., but

10:38:42  23  Judge, this is a woman who met Mr. Terry, Ms. Rivera on the

10:38:48  24  street in New York --

10:38:49  25       THE COURT:  What's your response to the testimony that

| | | |
|---|---|---|
| 10:38:52 | 1 | he slapped her around to get her to go prostitute herself? |
| 10:38:58 | 2 | Isn't that force?  That was in the testimony.  Did he testify |
| 10:39:07 | 3 | in this matter? |
| 10:39:08 | 4 | MR. ABRAMS:  No, sir. |
| 10:39:11 | 5 | THE COURT:  I went back and reviewed the notes I took |
| 10:39:15 | 6 | at the trial in this case about both defendants.  That seemed |
| 10:39:18 | 7 | to be the testimony.  Now, I'm certain it would be his position |
| 10:39:23 | 8 | that he did not do that, and he may not have done that, but |
| 10:39:27 | 9 | that is the record.  That's force and coercion. |
| 10:39:30 | 10 | If you overlook the fact that he took pictures of her, |
| 10:39:33 | 11 | put them out on the Internet as basically a prostitute for |
| 10:39:37 | 12 | hire, took her, drove her to places, went with her to |
| 10:39:43 | 13 | assignments for prostitution and all of that, I'm sure you |
| 10:39:47 | 14 | would say the driving and the cooperating and helping her |
| 10:39:49 | 15 | become a prostitute is all not within the category of forcing. |
| 10:39:54 | 16 | How about the slapping around and all that? |
| 10:39:57 | 17 | MR. ABRAMS:  That goes to the very nature of the |
| 10:40:00 | 18 | conviction, which exposes Mr. Terry to the 15-year mandatory |
| 10:40:04 | 19 | minimum, which does involve the force and the coercion. |
| 10:40:07 | 20 | The argument just with respect to this one two-point |
| 10:40:11 | 21 | enhancement is whether he exercised undue influence over her to |
| 10:40:17 | 22 | participate in the activity. |
| 10:40:18 | 23 | This is a woman who willingly got into the car of a |
| 10:40:23 | 24 | stranger, went to the quote, unquote stranger's home, spent |
| 10:40:27 | 25 | approximately a week there, was willing, on the very night that |

| | | |
|---|---|---|
| 10:40:31 | 1 | she met Mr. Terry, to go and sleep in their bedroom. |
| 10:40:36 | 2 | When she woke up, there were conflicting statements |
| 10:40:40 | 3 | made by H.G. herself as to what then happened.  When she |
| 10:40:46 | 4 | reportedly observed Mr. Terry and Ms. Rivera engaged in conduct |
| 10:40:52 | 5 | next to her, whether she then got up or she was held down by |
| | 6 | her hair in the bedroom and had to stay there or whether she |
| 10:40:56 | 7 | got up, went in the other room, made herself something to eat, |
| 10:40:57 | 8 | watched TV, took a shower, and then went back to bed. |
| 10:41:00 | 9 | THE COURT:  All of which was resolved by the jury. |
| 10:41:05 | 10 | They said that she was forced.  I think the testimony was she |
| 10:41:10 | 11 | had sex along with the other woman, the two of them.  She was |
| 10:41:14 | 12 | held by her hair. |
| 10:41:18 | 13 | MR. ABRAMS:  There was also evidence of her statement |
| 10:41:20 | 14 | that none of that took place.  That, in fact, while Mr. Terry |
| 10:41:23 | 15 | and Ms. Rivera were doing what they were doing, she left the |
| 10:41:28 | 16 | room, made herself something to eat, and came back when they |
| 10:41:32 | 17 | were done. |
| 10:41:33 | 18 | Judge, we are not challenging, at this juncture, the |
| 10:41:34 | 19 | conviction for the force and the coercion.  The force and |
| 10:41:36 | 20 | coercion, the jury has spoken on that issue. |
| 10:41:39 | 21 | The issue now is whether or not, and the argument is, |
| 10:41:41 | 22 | whether undue influence was exercised over her to cause her to |
| 10:41:46 | 23 | engage in the conduct.  It is our position that she, that H.G., |
| 10:41:53 | 24 | had certain sexual proclivities. |
| 10:41:59 | 25 | She was a run-away.  She had a run-away warrant |

| | | |
|---|---|---|
| 10:42:02 | 1 | outstanding for her because she was always leaving the family |
| 10:42:04 | 2 | home.  She was out in the streets in New York late at night, |
| 10:42:09 | 3 | willingly went to Mr. Terry's home, stayed there for a week, |
| 10:42:13 | 4 | never attempted to leave. |
| 10:42:14 | 5 | One of the questions I asked her during the trial was, |
| 10:42:19 | 6 | "Why didn't you leave?  Did you ever ask Mr. Terry to take you |
| 10:42:23 | 7 | home?"  She said, "No." |
| 10:42:25 | 8 | I said, "Why"?  She said, "Because I didn't want him |
| 10:42:29 | 9 | to know where I lived." |
| 10:42:31 | 10 | I said, "Did you ask him to take you back to the very |
| 10:42:36 | 11 | place where you first met Mr. Terry?"  She said, "No."  I asked |
| 10:42:41 | 12 | her why, and she didn't have a response to that. |
| 10:42:45 | 13 | Judge, this young woman was not in any place that she |
| 10:42:49 | 14 | did not want to be.  There were things that we could not |
| 10:42:54 | 15 | develop, based on the rules during the trial, as to what H.G. |
| 10:42:56 | 16 | would be or would not be inclined to do, but it is our position |
| 10:43:01 | 17 | that the evidence in this case suggests that this is a young |
| 10:43:03 | 18 | woman who willfully placed herself in a position to go with |
| 10:43:08 | 19 | Mr. Terry and Ms. Rivera, without any kind of undue influence, |
| 10:43:15 | 20 | because this was a street wise young girl who was looking for a |
| 10:43:20 | 21 | place to go, a place to sleep, and people with whom to spend |
| 10:43:26 | 22 | her time. |
| 10:43:27 | 23 | THE COURT:  Thank you. |
| 10:43:28 | 24 | Ms. Perwin, what is your response to objection number |
| 10:43:31 | 25 | two? |

10:43:33  1           MS. PERWIN:  Your Honor, the guidelines themselves

10:43:35  2  have a presumption --

10:43:38  3           THE COURT:  Come up to the podium, please.

10:43:43  4           MS. PERWIN:  Thank you, Your Honor.

10:43:45  5           I would point out, first, the guidelines themselves,

10:43:48  6  Section 2G1.3 in the application notes, there is a presumption

10:43:52  7  of undue influence where the defendant is at least ten years

10:43:58  8  older than the victim, which is exactly what we have here.

10:44:00  9           H.G. is 17.  This defendant was born in 1983.  He's

10:44:05  10  30.  As a threshold matter, there's a presumption that the

10:44:09  11  two-level increase applies.

10:44:11  12           As a matter of fact, it's undisputed that this

10:44:17  13  defendant drove H.G. to prostitution dates, that he bought

10:44:21  14  condoms.  He took her picture, which ended up on Backpage.com.

10:44:30  15  He threatened her if she didn't perform the services she was

10:44:34  16  expected to perform.  If that's not undue influence, Your

10:44:39  17  Honor, I don't know what is.

10:44:41  18           THE COURT:  The thrust of the argument on this point

10:44:44  19  is simply that a great deal of what this young woman, this

10:44:51  20  child, 16, did 80 percent of the time, 90, 50, some percentage

10:45:01  21  of the time, she was doing it because she wanted to do it.

10:45:06  22  That's the underlying whole gorilla in the living room in this

10:45:13  23  case.  That's the whole thing.

10:45:15  24           It's not admissible, of course, under the rules of

10:45:19  25  evidence at the trial.  It was subliminal, it was suggested, it

10:45:24   1  was, I'm sure, considered by the jury.  They heard all of this.

10:45:28   2          She was a confused young woman or a confused child,

10:45:33   3  and sometimes she said, "Well, I did tell them that.  I didn't

10:45:38   4  tell them that.  I let them give me a 19-year old birthday

10:45:41   5  party in a house before I left New York.  I didn't say anything

10:45:46   6  at the birthday party."

10:45:48   7          However, two days later, her mother called the

10:45:51   8  defendant and told them she was 16.  There's no doubt that he

10:45:54   9  knew her she was 16 before he put her into prostitution in

10:45:58  10  Miami.  No doubt he put her into prostitution.

10:46:03  11          The question is, was she, for purposes of this

10:46:07  12  two-point enhancement, the question is, was this something

10:46:10  13  that, if she had ever said, "I want out.  I don't want to do

10:46:14  14  this, take me home, drive me back," use her cell phone to call

10:46:22  15  someone.

10:46:22  16          She didn't want to talk to her mother or her aunt

10:46:26  17  because they were abusive to her, and if they knew she was in

10:46:38  18  prostitution, they'd be upset.

10:46:41  19          For the purpose of these two extra points, it bumps

10:46:46  20  the sentence -- the guideline range, which is sitting at, right

10:46:49  21  now, a total offense level 40, criminal history category 3,

10:46:56  22  bumps it up to 360 months to life.  Were these two points not

10:47:05  23  involved there, it would reduce that I think substantially.  My

10:47:11  24  Probation Officer can tell me.

10:47:12  25          PROBATION OFFICER:  The range would then be 292 to 365

```
10:47:16   1  months.
10:47:17   2            THE COURT:  292 would be the low end.  Right now it's
10:47:23   3  360.  So you're looking at 65 months for something that, at
10:47:29   4  least part of the time, this child had the means of extricating
10:47:37   5  herself and didn't get out.
10:47:39   6            It may not be what Congress had in mind, what the
10:47:44   7  sentencing guidelines people had in mind when they were
10:47:47   8  fashioning a sentence for a crime that dealt with a child that
10:47:51   9  is, like, kidnapped and put unwillingly into this or something
10:47:58  10  of the sort.  There's the problem with this extra two points.
10:48:02  11  Everything else you told me goes to all the underlying things.
10:48:09  12            Does that alter it in some respect?  Is this the type
10:48:17  13  of case that Congress had in mind, the sentencing guidelines
10:48:20  14  people had in mind, of a child that's taken by an older man and
10:48:26  15  put into prostitution and forced and kept there?
10:48:30  16            You see, there are so many times when they were
10:48:33  17  driving down.  She used a cell phone to call from New York to
10:48:37  18  Miami when they were brought down.  She called her mother or
10:48:40  19  aunt or family and talked to them.  She didn't tell them she
10:48:45  20  was being kidnapped or anything.
10:48:47  21            There were other opportunities on the way when she
10:48:51  22  could have broken away at a gas station or this or that.  She
10:48:56  23  got down here, and they moved from hotel to hotel.  All of
10:49:03  24  those things you're talking about, putting her in the Internet,
10:49:06  25  the man, the defendant doing all of that, publishing it,
```

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
|          | 1  | getting her clients, taking her to places.                           |
| 10:49:14 | 2  | There were so many opportunities there that would give               |
| 10:49:17 | 3  | rise to a logical conclusion that, at least part of the time,        |
| 10:49:22 | 4  | she was not making an effort to get out from her captivity,          |
| 10:49:29 | 5  | which is the worst case scenario, which is what the extra two        |
| 10:49:35 | 6  | points are for.                                                      |
| 10:49:37 | 7  | I invite you to comment on that problem with the case.               |
| 10:49:45 | 8  | MR. PERWIN:  Absolutely, Your Honor.  I would say that               |
| 10:49:46 | 9  | I think this scenario is exactly what the Commission had in          |
| 10:49:49 | 10 | mind when they wrote that two-point enhancement.                     |
| 10:49:52 | 11 | The application notes instruct the Court to closely                  |
| 10:49:54 | 12 | consider the facts of the case to determine whether a                |
| 10:49:57 | 13 | participant's influence over the minor compromised the               |
| 10:50:01 | 14 | voluntariness of the minor's behavior.                               |
| 10:50:04 | 15 | In other words, it doesn't require complete isolation,               |
| 10:50:07 | 16 | complete captivity, no opportunity whatsoever to escape.  In         |
| 10:50:12 | 17 | fact, that's why there's a presumption that there is undue           |
| 10:50:15 | 18 | influence when there's simply an age difference of ten years or      |
| 10:50:19 | 19 | more.                                                                |
| 10:50:19 | 20 | The thinking, in my view, is that a minor -- the                     |
| 10:50:22 | 21 | voluntariness of a minor's conduct is relatively easily              |
| 10:50:27 | 22 | compromised.                                                         |
| 10:50:29 | 23 | In this case, the paying for the hotel rooms, the                    |
| 10:50:32 | 24 | paying for the condoms, the driving her to and from                  |
| 10:50:37 | 25 | prostitution dates, she testified she didn't feel free to           |

| | | |
|---|---|---|
| 10:50:40 | 1 | leave.  They had taken her cell phone.  She only had a cell |
| 10:50:43 | 2 | phone to use that they provided her, and she didn't feel |
| 10:50:48 | 3 | comfortable using it because they used it as well. |
| 10:50:51 | 4 | So there was some testimony about her not feeling free |
| 10:50:54 | 5 | to leave.  I agree it's a gray area.  It doesn't mean she |
| 10:50:58 | 6 | couldn't have escaped at any point.  With all due respect, Your |
| 10:51:03 | 7 | Honor, I don't think that's what the guidelines require. |
| 10:51:06 | 8 | THE COURT:  Very good.  Thank you. |
| 10:51:16 | 9 | One thing that I did not touch upon in my recital of |
| 10:51:21 | 10 | my memory of this trial and the testimony and the facts that |
| 10:51:27 | 11 | were adduced at the trial is when -- one the final events here, |
| 10:51:32 | 12 | one of the final things that happened in all of this tragic and |
| 10:51:38 | 13 | terrible case, was that this defendant was involved somehow in |
| 10:51:48 | 14 | a shoot out with some of the people, or they with him, with |
| 10:51:55 | 15 | some of the quote, "clients", unquote, that had been arranged |
| 10:52:01 | 16 | for this child, H.G., the victim. |
| 10:52:10 | 17 | When all of those gunshots and everything erupted and |
| 10:52:14 | 18 | the police were sent out there, as chance would have it, or for |
| 10:52:21 | 19 | those of us who sometimes think that fate or God or something |
| 10:52:35 | 20 | intervenes, but the fact occurred that a very fine police |
| 10:52:39 | 21 | officer, an older police officer with a lot of experience on |
| 10:52:45 | 22 | the street, was the one that was sent out to pick this victim, |
| 10:52:52 | 23 | this 16-year old victim H.G. up and take her to her mother. |
| 10:53:01 | 24 | When he arrived there where she was standing on the |
| 10:53:06 | 25 | street by herself, nobody around her, she told him that she was |

| | | |
|---|---|---|
| 10:53:17 | 1 | more than 16 or older than 16.  I don't know what the age was. |
| 10:53:22 | 2 | She did not tell him that she was under 16. |
| 10:53:28 | 3 | With his experience, he did not believe her at first. |
| 10:53:30 | 4 | He believed that she was a minor.  He insisted that she call |
| 10:53:36 | 5 | her mother.  She told him that her mother was coming to pick |
| 10:53:41 | 6 | her up, her mother being the other defendant, Ms. Rivera. |
| 10:53:50 | 7 | She got Rivera on the phone for the policeman.  The |
| 10:54:00 | 8 | policeman even spoke to Rivera.  She even said, "Yeah, I'm her |
| 10:54:05 | 9 | mother.  I'll be there to pick her up." |
| 10:54:08 | 10 | Everything that this experienced officer saw and |
| 10:54:11 | 11 | observed indicated to him that he had a child under 16, but the |
| 10:54:19 | 12 | child was insisting she was older.  She was insisting that her |
| 10:54:20 | 13 | mother was going to pick her up, insisting there was nothing |
| 10:54:23 | 14 | wrong, and all the child had to do at that point was to say, |
| 10:54:27 | 15 | "Please get me out of here.  I have been brought down here from |
| 10:54:31 | 16 | New York." |
| 10:54:32 | 17 | This officer, with his experience, I'm confident, |
| 10:54:35 | 18 | would have taken care of it in a heartbeat.  I have a lot of |
| 10:54:42 | 19 | regard and respect for officers like this one and for what he |
| 10:54:45 | 20 | did out there that night. |
| 10:54:47 | 21 | That lends credence to the fact that she had so many |
| 10:54:54 | 22 | opportunities outside the presence of the defendant to |
| 10:54:58 | 23 | extricate herself, and that indicates that this extra horrible |
| 10:55:05 | 24 | fact of kidnapping, forcing, chaining people up, keeping them |
| 10:55:11 | 25 | in a cellar, sending them out, that that situation was not the |

| | | |
|---|---|---|
| 10:55:17 | 1 | situation here. |
| 10:55:17 | 2 | Here, the situation is there was a child.  The |
| 10:55:21 | 3 | presumption that a 30-year old man took advantage of -- the |
| 10:55:25 | 4 | presumption that there's force has been dissipated or eroded by |
| 10:55:31 | 5 | the facts of this case to the point that the Court is convinced |
| 10:55:35 | 6 | that the extra two points should not be tacked on for this |
| 10:55:40 | 7 | particular case. |
| 10:55:41 | 8 | It should be reserved for the case where a child is |
| 10:55:45 | 9 | kidnapped and chained, these horrible things that happen.  This |
| 10:55:50 | 10 | one, as counsel referred to it, is a gray area.  I don't |
| 10:55:56 | 11 | disagree with her.  I think it's very much in that gray area. |
| 10:56:00 | 12 | There's a very close question. |
| 10:56:01 | 13 | The motion is granted.  The two points that were |
| 10:56:04 | 14 | assessed by the Probation Officer, albeit with good judgment, |
| 10:56:09 | 15 | I'm not being critical of the Probation Officer doing this. |
| 10:56:15 | 16 | It's logical.  But the persuasiveness takes it out of that |
| 10:56:21 | 17 | horrible category for the imposition of the two extra points |
| 10:56:25 | 18 | that Congress had in mind. |
| 10:56:26 | 19 | Now, that being said, I will ask please again, you |
| 10:56:31 | 20 | told me once, but that would change the offense level to? |
| 10:56:35 | 21 | PROBATION OFFICER:  Total offense level is 38, |
| 10:56:39 | 22 | criminal history category is 3, and the guideline imprisonment |
| 10:56:42 | 23 | range is 292 to 365 months. |
| 10:56:48 | 24 | THE COURT:  All right, that's the guideline range up |
| 10:56:58 | 25 | to this point. |

| | | |
|---|---|---|
| 10:57:02 | 1 | Now we're on objection number three.  Number three is |
| 10:57:11 | 2 | really an argument under 3553, and we haven't gotten to that |
| 10:57:16 | 3 | point yet. |
| 10:57:20 | 4 | It is the finding of the Court that the guideline |
| 10:57:22 | 5 | range is 38, the offense level, criminal history 3, 293 to 365. |
| 10:57:32 | 6 | The Court is inclined to sentence at the low end of the |
| 10:57:36 | 7 | guideline range, but I will hear from defense counsel on the |
| 10:57:47 | 8 | elements that he contends justify, under 3553, a variance of |
| 10:58:01 | 9 | some sort on his behalf.  I'll listen to Mr. Abrams or his |
| 10:58:05 | 10 | client if he has anything to say. |
| 10:58:08 | 11 | MR. ABRAMS:  Judge, with respect to the 3553(a) |
| 10:58:11 | 12 | factors, I won't read through the list, which Your Honor knows |
| 10:58:17 | 13 | very well, but just specifically address the reasons why. |
| 10:58:20 | 14 | Mr. Terry was convicted with an offense level of 34, |
| 10:58:26 | 15 | which applies to the offense of sex trafficking of a minor by |
| 10:58:30 | 16 | fraud, force, and coercion.  That is what this case was about. |
| 10:58:36 | 17 | That was what the findings of the jury were. |
| 10:58:39 | 18 | That offense starts at a base offense level of 34, |
| 10:58:44 | 19 | which, in and of itself, with a criminal history category 3, |
| 10:58:50 | 20 | provides for an advisory range of 188 to 235 months.  That's 15 |
| 10:58:58 | 21 | years, eight months.  That, essentially, embodies what this |
| 10:59:04 | 22 | offense was about, sex trafficking of a minor, and |
| 10:59:08 | 23 | specifically, fraud, force, and coercion. |
| 10:59:13 | 24 | Added to that, Your Honor has made the ruling with |
| 10:59:17 | 25 | respect undue influence, but there are other enhancements as |

| | | |
|---|---|---|
| 10:59:20 | 1 | well.  There was the use of a computer, and there was a |
| 10:59:23 | 2 | commercial sex act.  Those added four additional points. |
| 10:59:31 | 3 | Those four additional points take Mr. Terry's |
| 10:59:33 | 4 | guidelines from the mandatory minimum, 15 years, or 188 months |
| 10:59:38 | 5 | would be 15 years, eight months, to 24 years and four months. |
| 10:59:44 | 6 | So the guidelines add an additional nine years to |
| 10:59:48 | 7 | Mr. Terry's sentence because the offense involves a computer. |
| 10:59:52 | 8 | Nowadays, what offenses don't?  And because there was a |
| 10:59:58 | 9 | commercial sex act involved in this case. |
| 11:00:00 | 10 | Judge, I pointed out elements about Mr. Terry's |
| 11:00:04 | 11 | criminal past.  There are approximately ten convictions from |
| 11:00:08 | 12 | paragraphs 38 to 48, which are mostly misdemeanors involving |
| 11:00:17 | 13 | trademark infringement, the sale of replica watches, relatively |
| 11:00:21 | 14 | small quantities of controlled substance.  I believed one |
| 11:00:25 | 15 | involved a small bag of marijuana.  The other involved a small |
| 11:00:30 | 16 | bag of powder cocaine. |
| 11:00:32 | 17 | The most jail time that Mr. Terry has ever served, |
| 11:00:37 | 18 | prior to this case, has been four months.  That was in PSI |
| 11:00:41 | 19 | paragraph 46, if I remember correctly. |
| 11:00:49 | 20 | The enormity of the increase caused by these two |
| 11:00:57 | 21 | additional enhancement factors, which adds nine years to the |
| 11:00:59 | 22 | guidelines, we would respectfully suggest to the Court just |
| 11:01:03 | 23 | takes this case out of what is, essentially, just punishment |
| 11:01:08 | 24 | for exactly what Mr. Terry did, has been found guilty of doing, |
| 11:01:16 | 25 | and is well beyond what is necessary for proper punishment for |

11:01:22  1  this case, for punishing Mr. Terry's behavior for what he did,

11:01:28  2  and for promoting respect for the law, particularly in light of

11:01:32  3  the relatively minor sentences that Mr. Terry has experienced

11:01:36  4  in the past.

11:01:37  5       We urge the Court to sentence Mr. Terry to the

11:01:42  6  mandatory minimum of 15 years.  Or if more than that is

11:01:46  7  necessary, the guideline range, should Mr. Terry's guidelines

11:01:50  8  have been calculated simply for the offense of conviction,

11:01:53  9  which is the sex trafficking involving force and coercion,

11:01:58 10  those guidelines were 188 to 235 months.

11:02:03 11       We would respectfully suggest, with respect to the

11:02:05 12  circumstances of this case, and we don't belittle or minimize

11:02:11 13  the seriousness of the charge at all, but we would also point

11:02:15 14  out that a sentence of 15 years, eight months, for someone who

11:02:19 15  has not served more than four months of jail time in the past,

11:02:24 16  is extremely, extremely significant.

11:02:27 17       We would respectfully request that Your Honor consider

11:02:31 18  a variance from the guidelines down to an offense level 34,

11:02:35 19  which, with a criminal history category 3, provides for an

11:02:39 20  advisory range of 188 to 235 months, and we would ask that Your

11:02:46 21  Honor sentence Mr. Terry to the low end of that range.

11:02:51 22       THE COURT:  Thank you.

11:02:52 23       Given the opinion that I'm going to enter at this

11:02:55 24  point in time, I'm not going to call upon the government for

11:02:59 25  any responsive reply.

| | | |
|---|---|---|
| 11:03:02 | 1 | I have reviewed carefully the record in the case from |
| 11:03:05 | 2 | my own personal notes.  I have not read the transcript again, |
| 11:03:09 | 3 | but I am convinced that, certainly, computers were an integral |
| 11:03:14 | 4 | part of this, and the enhancement is totally proper that the |
| 11:03:17 | 5 | Probation Office has assigned for that factor, and that |
| 11:03:29 | 6 | commercial sex acts were involved, obviously.  Those |
| | 7 | enhancements are correct and proper. |
| 11:03:31 | 8 | With respect to the 3553 issues, the Probation Officer |
| 11:03:38 | 9 | has evaluated this and taken the position that there are no |
| 11:03:43 | 10 | factors, pursuant to 18 U.S.C. 3553(a), that would warrant |
| 11:03:49 | 11 | sentencing the defendant outside of the advisory range.  The |
| 11:03:53 | 12 | Court concludes that that is a correct evaluation of this |
| 11:03:57 | 13 | matter. |
| 11:03:57 | 14 | I find nothing here that would warrant a variance |
| 11:04:07 | 15 | under these circumstances, and therefore, the application for a |
| 11:04:16 | 16 | variance is denied with the findings of the computer and the |
| 11:04:22 | 17 | commercial sex act enhancements. |
| 11:04:23 | 18 | Therefore, it is the judgment of the Court that the |
| 11:04:26 | 19 | guideline range being 292 to 365, the Court is inclined to |
| 11:04:32 | 20 | sentence at the low end of the guideline range, unless the |
| 11:04:35 | 21 | government has anything by way of objection to that |
| 11:04:37 | 22 | announcement or any comment about that. |
| 11:04:40 | 23 | MS. PERWIN:  No, Your Honor. |
| 11:04:41 | 24 | THE COURT:  The defendant, of course, has presented |
| 11:04:44 | 25 | everything that he wishes to, and the defendant has the right |

| | | |
|---|---|---|
| 11:05:03 | 1 | to speak, of course. |
| 11:05:05 | 2 | MR. ABRAMS:  Mr. Terry does not wish to say anything, |
| | 3 | Judge. |
| 11:05:09 | 4 | THE COURT:  There is some confusion in the two PSIs |
| 11:05:10 | 5 | about whether or not Count 1 has a five-year period of |
| 11:05:12 | 6 | supervised release and Count 2 a life.  One officer says one |
| 11:05:17 | 7 | thing and one says another.  It seems to me that the five years |
| 11:05:20 | 8 | to life is appropriate; am I correct on that? |
| 11:05:25 | 9 | PROBATION OFFICER:  Yes, sir, that's the range. |
| 11:05:29 | 10 | THE COURT:  Therefore, it is the judgment of the Court |
| 11:05:32 | 11 | that you, Christopher Terry, be committed to the Bureau of |
| 11:05:36 | 12 | Prisons to be imprisoned for a period of 292 months as to |
| 11:05:40 | 13 | Counts 1 and 2 to be served concurrently.  292 months. |
| 11:05:45 | 14 | I find that you are unable to pay a fine.  No fine is |
| 11:05:49 | 15 | imposed. |
| 11:05:53 | 16 | We can't ascertain victim losses at this time, but the |
| 11:05:57 | 17 | government will take steps to do whatever they need to do to |
| 11:06:01 | 18 | comply with 18 U.S.C. 3264(d) regarding victim losses.  That's |
| 11:06:08 | 19 | up to the government to bring that on for a hearing. |
| 11:06:12 | 20 | Now, upon release, you will be placed on supervised |
| 11:06:15 | 21 | release for a term of five years as to Count 1 and life as to |
| 11:06:21 | 22 | Count 2, both to run concurrently for a total of life on |
| 11:06:27 | 23 | supervised release. |
| 11:06:30 | 24 | In that, with respect to that, while on supervised |
| 11:06:33 | 25 | release, there will be no other crimes, prohibited from |

| | | |
|---|---|---|
| 11:06:38 | 1 | possessing a firearm or other dangerous device or any |
| 11:06:42 | 2 | controlled substance. |
| 11:06:43 | 3 | You must cooperate in the collection of DNA and comply |
| 11:06:47 | 4 | with all the standard conditions of supervised release of the |
| 11:06:50 | 5 | Southern District of Florida including: |
| 11:06:53 | 6 | Data encryption restriction, computer possession |
| 11:06:57 | 7 | restriction, employer computer restriction disclosure, |
| 11:07:01 | 8 | substance abuse treatment, no unsupervised contact with minors, |
| 11:07:05 | 9 | no contact with minors, no contact with minors in employment, |
| 11:07:07 | 10 | no involvement in youth organizations, sex offender treatment, |
| 11:07:12 | 11 | restricted from possessing sexual materials, the Adam Walsh Act |
| 11:07:18 | 12 | search condition, and the sex offender registration, all as |
| 11:07:22 | 13 | noted in Part G of the PSI. |
| 11:07:25 | 14 | A special assessment in the amount of $200, $100 as to |
| 11:07:29 | 15 | each Counts 1 and 2 required by Congress, is imposed. |
| 11:07:32 | 16 | The total sentence is 292 months imprisonment, life |
| 11:07:40 | 17 | supervised release, and $200 special assessment. |
| 11:07:44 | 18 | Other than what has already been submitted on your |
| 11:07:47 | 19 | behalf by you and your counsel, is there anything by way of |
| 11:07:51 | 20 | objection, under U.S. versus Jones, to the sentence or the |
| 11:07:53 | 21 | manner in which it was pronounced? |
| 11:07:57 | 22 | MR. ABRAMS:  There's nothing additional, Your Honor. |
| | 23 | Thank you. |
| 11:08:00 | 24 | THE COURT:  With respect to the advice that you have a |
| 11:08:03 | 25 | right to appeal, you have a right to appeal within 14 days, I |

| 11:08:08 | 1 | believe it is, from the judgment.  Is that still 14 days? |

11:08:08   1   believe it is, from the judgment.  Is that still 14 days?

11:08:13   2          MR. ABRAMS:  Yes, sir.

11:08:14   3          THE COURT:  If you're unable to pay the cost of appeal

11:08:18   4   or an attorney, you have the right to appeal in forma pauperis,

11:08:22   5   and a lawyer will be appointed for you.

11:08:26   6          The defendant will be given, of course, credit for

11:08:29   7   time served, and he is remanded to the custody of the United

11:08:32   8   States Marshal.

11:08:35   9          MR. ABRAMS:  Thank you, Your Honor.

11:08:37   10          THE COURT:  We'll take a five-minute recess, and then

11:08:41   11   we'll take up the next defendant.

           12          [There was a short recess].

11:19:39   13          THE COURT:  United States versus Jennifer Rivera.

11:19:41   14          For the government we have Ms. Perwin and

11:19:45   15   Ms. Detterine, and we have Mr. Smith for the defendant.

11:19:47   16          Mr. Smith?

11:19:49   17          MR. SMITH:  Thank you, Your Honor.  I appreciate this

11:19:51   18   opportunity.  I also want to thank co-counsel for addressing

11:19:54   19   some of the motions that we had, some of the objections that we

11:19:58   20   had in our motion.

11:20:00   21          When I came in this morning, I intended to actually

11:20:03   22   withdraw my objections in exchange for the government promising

11:20:07   23   a lower recommendation for Ms. Rivera.

11:20:10   24          In view of the Court's ruling as to the undue

11:20:14   25   influence objection, which I shared with Mr. Abrams, the

11:20:16  1  government says that we can maintain that one objection without

11:20:23  2  argument to the Court.  The Court has already heard argument on

11:20:26  3  it, and the Court has already made its ruling on that.

11:20:29  4       With the Court's permission, we would like to just

11:20:32  5  submit to the Court the one objection as to the enhancement of

11:20:35  6  two points for undue influence.  It's the same one that the

11:20:39  7  Court ruled on with Mr. Abrams.  The issues are even more

11:20:45  8  compelling in the case of Ms. Rivera.

11:20:51  9       As to all our other objections, we will withdraw them

11:20:54  10  at this time.

11:20:54  11       THE COURT:  So the record will be clear and correct,

11:20:59  12  you had four objections and a request for a variance.

11:21:02  13       The first one dealt with something in the offense

11:21:05  14  conduct of the PSR.  The defendant objected to paragraph 6 in

11:21:16  15  that she denied she suggested to the victim that she should

11:21:25  16  engage in prosecution.  She said that came from Terry, not from

11:21:29  17  her, and says there's no evidence to suggest that she described

11:21:33  18  herself as a pimp or a coordinator.  That objection has been

11:21:40  19  withdrawn.

11:21:41  20       Now we have the second objection to paragraph 26 of

11:21:48  21  the -- I call it PSI, but they call it PSR.  A two-level

11:21:54  22  enhancement because a participant otherwise unduly influenced a

11:22:02  23  minor to engage in prohibited sexual conduct.

11:22:07  24       Her objection was that, quote, "The evidence was clear

11:22:13  25  that she did not unduly influence the victim."  She says, your

| | | |
|---|---|---|
| 11:22:19 | 1 | client says, that she did not unduly influence the victim, and |
| 11:22:25 | 2 | that objection you wish to pursue, correct? |
| 11:22:30 | 3 | MR. SMITH:  Yes, sir. |
| 11:22:30 | 4 | THE COURT:  It's the same ruling that I made on the |
| 11:22:34 | 5 | other defendant.  Both of these defendants were involved |
| 11:22:36 | 6 | directly, without any question, with inducing this under |
| 11:22:47 | 7 | 16-year old person, H.G., to engage prostitution. |
| 11:22:54 | 8 | Then the third objection was that there was no |
| 11:23:00 | 9 | computer used.  A computer was certainly used, and I so find. |
| 11:23:05 | 10 | The objection is overruled. |
| 11:23:06 | 11 | The fourth objection is to paragraph 27. |
| 11:23:11 | 12 | No, I'm sorry, paragraph 3 was the objection to 27, |
| 11:23:27 | 13 | that a computer or interactive computer service was not used. |
| 11:23:33 | 14 | I deny that.  I hold that it was used. |
| 11:23:40 | 15 | Then they go into cellular telephones.  I find that |
| 11:23:45 | 16 | they, certainly, were used. |
| 11:23:48 | 17 | Number four, paragraph 27, a two-level enhancement |
| 11:23:52 | 18 | because the offense involved the commission of a commercial sex |
| 11:23:58 | 19 | act.  I overrule the objection, and I hold that the enhancement |
| 11:24:01 | 20 | is correct. |
| 11:24:05 | 21 | Number five, the objection is that the defendant |
| 11:24:16 | 22 | contends the money was retained by Terry.  She attended the |
| 11:24:22 | 23 | dates with the victim and took possession of the money, but |
| 11:24:26 | 24 | that the two-level enhancement should not be applied. |
| 11:24:31 | 25 | That is withdrawn, or is it still pending? |

| 11:24:35 | 1 | MR. SMITH:  No, sir, that's withdrawn, as is number |

11:24:35  1          MR. SMITH:  No, sir, that's withdrawn, as is number

11:24:39  2   four.  The only one we maintain is number three, which you

11:24:42  3   sustained.

11:24:47  4          THE COURT:  We covered that, okay.  I'm just going

11:24:49  5   right down the line.

11:24:50  6          On the variance aspect, she suggests and argues, in

11:24:55  7   your well-written briefs, which I've read and considered, that

11:25:00  8   she was born into the home of a heroin-addicted mother, raised

11:25:04  9   by an abusive aunt, had a long-time relationship with Terry,

11:25:13  10  who was very abusive and treated her very badly, but I'll be

11:25:18  11  pleased to hear from you on anything further you wish to say

11:25:23  12  about the variance.

11:25:24  13         MR. SMITH:  I pretty much stated everything in my PSR

11:25:29  14  summary to the Court.  I think the Court has accurately

11:25:34  15  summarized it.

11:25:34  16         If I just might go back to one other point when you

11:25:39  17  were speaking about the objections.  I think the Court's ruling

11:25:45  18  as to what is our number three, paragraph 26, page 9, that was

11:25:52  19  the one that the Court sustained Mr. Abrams on and reduced the

11:25:58  20  two points.  Is the Court making the same ruling?

11:26:02  21         THE COURT:  I found that this did not rise to the

11:26:05  22  level of the most severe punishment, the two-point enhancement

11:26:15  23  where you kidnap a child and forcibly restrain them and confine

11:26:22  24  them in a house and force them into prostitution, and that he

11:26:25  25  should get that two points reduced.

| | | |
|---|---|---|
| 11:26:28 | 1 | Was she given that same two points?  Her sentence came |
| 11:26:33 | 2 | out to a lesser amount.  Was that because of her criminal |
| 11:26:37 | 3 | history? |
| 11:26:39 | 4 | PROBATION OFFICER:  Yes, Your Honor. |
| 11:26:40 | 5 | THE COURT:  Therefore, the question is whether or not |
| 11:26:42 | 6 | the same rationale and analysis that I made on behalf of Terry |
| 11:26:47 | 7 | applies here. |
| 11:26:49 | 8 | MR. SMITH:  Precisely, Your Honor. |
| 11:26:52 | 9 | THE COURT:  Ms. Perwin, I'm inclined of the view that |
| 11:26:55 | 10 | it does, but I'll hear anything you wish to say. |
| 11:27:01 | 11 | MS. PERWIN:  Your Honor, I think the Court's rationale |
| 11:27:04 | 12 | would apply equally to Ms. Rivera, but I would note the |
| 11:27:09 | 13 | government's objection to the ruling overall. |
| 11:27:12 | 14 | THE COURT:  I do find that she's entitled to the same |
| 11:27:15 | 15 | reduction of the two points for that horrible, horrible |
| 11:27:22 | 16 | situation that Congress had in mind that they wanted to stop |
| 11:27:26 | 17 | this, and under these circumstances, that objection is |
| 11:27:29 | 18 | sustained. |
| 11:27:30 | 19 | MR. SMITH:  Thank you, Your Honor. |
| 11:27:31 | 20 | THE COURT:  That leaves us then with a guideline range |
| 11:27:34 | 21 | of? |
| 11:27:35 | 22 | PROBATION OFFICER:  The total offense level is 38, |
| 11:27:38 | 23 | criminal history category 1, and the imprisonment range is 235 |
| 11:27:43 | 24 | to 293 months. |
| 11:27:49 | 25 | THE COURT:  Mr. Smith? |

| 11:27:50 | 1 | MR. SMITH:  Your Honor, I have stated in my memorandum |

11:27:50    1          MR. SMITH:  Your Honor, I have stated in my memorandum

11:27:53    2    my reasons for a variance down to the 15-year minimum

11:27:57    3    mandatory, below which this Court has no authority to go.

11:27:59    4          I would stand by my arguments in my memorandum.  I

11:28:03    5    think they are fairly comprehensive, and they distinguish her

11:28:06    6    from the co-defendant in this case and why she is more worthy

11:28:09    7    of a variance than the Court was disposed to give the

11:28:14    8    co-defendant.

11:28:15    9          So I will stand by that without any further argument.

11:28:19   10          THE COURT:  Thank you.

11:28:20   11          Anything, Ms. Perwin?

11:28:23   12          MS. PERWIN:  Your Honor, I do think that Ms. Rivera is

11:28:26   13    situated differently from her co-defendant, Mr. Terry.  I think

11:28:30   14    that she is worthy of a sentence that is lower than his.  I'll

11:28:34   15    tell you why I don't think 15 years --

11:28:37   16          THE COURT:  You're recommending a variance; is what

11:28:39   17    you're recommending?  Do you understand what you're saying?

11:28:43   18    The low end of the guideline range is 235 months.  I'm inclined

11:28:48   19    of the view that that's advisory.

11:28:50   20          Mr. Smith is saying to give her a variance because of

11:28:54   21    the abusive mother and these other matters.

11:28:59   22          MS. PERWIN:  Your Honor, my recommendation would be

11:29:02   23    for a 235-month sentence.  I think that's proportional to

11:29:08   24    Mr. Terry.  I understand Mr. Smith's argument about the abuse

11:29:10   25    and her history, and I agree with all of that, but I would also

| | | |
|---|---|---|
| 11:29:13 | 1 | point out that she was an active participant in this offense. |
| 11:29:18 | 2 | THE COURT:  So you're not recommending a variance? |
| 11:29:20 | 3 | MS. PERWIN:  No, I am not. |
| 11:29:23 | 4 | THE COURT:  You stood up here a moment ago, and it |
| 11:29:26 | 5 | sounded like you were saying, "I agree with Mr. Smith.  There |
| 11:29:30 | 6 | ought to be a variance.  She's in a different category than |
| 11:29:33 | 7 | Mr. Terry.  She had an abusive mother." |
| 11:29:37 | 8 | Are you, or are you not?  It's easy.  It's a yes or |
| 11:29:40 | 9 | no.  Are you recommending a variance or not? |
| 11:29:43 | 10 | MS. PERWIN:  I'm not recommending a variance, Your |
| 11:29:46 | 11 | Honor. |
| 11:29:46 | 12 | THE COURT:  Then what are you talking about? |
| 11:29:48 | 13 | MS. PERWIN:  If the Court were inclined to grant the |
| 11:29:51 | 14 | motion for a variance, I would argue that it should not be as |
| 11:29:55 | 15 | low -- |
| 11:29:56 | 16 | THE COURT:  I already said I'm inclined to the low end |
| 11:29:58 | 17 | of the guideline range.  You want to load the record up with |
| 11:30:02 | 18 | reasons why you think there should be a variance?  Is that what |
| | 19 | you want to do? |
| 11:30:08 | 20 | MS. PERWIN:  No, Your Honor, I'll leave it at that. |
| 11:30:13 | 21 | THE COURT:  I think you better.  You can't talk out of |
| 11:30:19 | 22 | both sides of your mouth in this division of court.  I know you |
| | 23 | don't intend to, but you shouldn't stand up and say, "Well, we |
| | 24 | recommend the low end, but nudge, nod, she should get a |
| 11:30:25 | 25 | variance."  We don't do that here.  Maybe you get away with |

| | | |
|---|---|---|
| 11:30:28 | 1 | that somewhere else.  I don't appreciate that. |
| 11:30:31 | 2 | All right, their recommendation is as it is. |
| 11:30:32 | 3 | Mr. Smith, getting back to a careful consideration of |
| 11:30:38 | 4 | what you say, it is all apparently true that she had an |
| 11:30:43 | 5 | abusive, heroin-addicted mother.  She had a terrible life. |
| 11:30:48 | 6 | She's had an abusive relationship with Mr. Terry. |
| 11:30:50 | 7 | They've had a rough go of a lot of things.  She's got children. |
| 11:30:52 | 8 | I looked at all of that, but I don't believe that they qualify, |
| 11:30:57 | 9 | under 3553, for a variance.  A variance is denied. |
| 11:31:01 | 10 | Now, I'm prepared to sentence on the advisory |
| 11:31:06 | 11 | guideline range.  I'm prepared to sentence at the low end.  So |
| 11:31:10 | 12 | I presume that, unless your client has something to add, or you |
| 11:31:14 | 13 | do, that we're ready to go forward with sentencing. |
| 11:31:18 | 14 | MR. SMITH:  I believe she does want to address the |
| 11:31:20 | 15 | Court. |
| 11:31:21 | 16 | THE COURT:  Stand where you are and speak into the |
| 11:31:24 | 17 | microphone. |
| 11:31:25 | 18 | THE DEFENDANT:  Good morning, Your Honor. |
| 11:31:26 | 19 | First and foremost, I would like to thank you for |
| 11:31:28 | 20 | granting me the opportunity to address the Court.  It is with |
| 11:31:32 | 21 | much regret that I stand here before you today.  I would like |
| 11:31:36 | 22 | to apologize for the harm and suffering that I caused the |
| 11:31:39 | 23 | victim and her family.  I am truly sorry for my bad judgment |
| 11:31:43 | 24 | and understand that there are consequences for my actions. |
| 11:31:45 | 25 | But, Your Honor, I respectfully beg for your mercy and |

Case 1:12-cr-20634-JLK   Document 83   Entered on FLSD Docket 05/22/2013   Page 32 of 40

32

| | | |
|---|---|---|
| 11:31:49 | 1 | compassion.  Being away from my family this long has helped me |
| 11:31:52 | 2 | realize my wrongdoing.  I am eager to rectify my life for my |
| 11:31:58 | 3 | family and my children and myself. |
| 11:32:01 | 4 | THE COURT:  Thank you.  You may remain standing. |
| 11:32:04 | 5 | It is the judgment of the Court that you, Jennifer |
| 11:32:10 | 6 | Rivera, be committed to the Bureau of Prisons for a term of |
| 11:32:12 | 7 | imprisonment of 235, 235 months as to Counts 1 and 2 to be |
| 11:32:24 | 8 | served concurrently. |
| 11:32:26 | 9 | It is further ordered that, under this victim loss, |
| 11:32:31 | 10 | Title 18, I leave that up to the government to do whatever they |
| 11:32:35 | 11 | need to do about victim loss.  The law requires me to have a |
| 11:32:39 | 12 | hearing on it, I think.  I'm not sure. |
| 11:32:43 | 13 | Now, upon supervised release, you will be placed on a |
| 11:32:46 | 14 | term of five years on Count 1 and life on Count 2, all to run |
| 11:32:53 | 15 | concurrently. |
| 11:32:54 | 16 | While on supervised release, the defendant shall not |
| 11:32:58 | 17 | commit any crimes, is prohibited from possessing a firearm, a |
| 11:33:03 | 18 | dangerous device, or any controlled substance, must cooperate |
| 11:33:07 | 19 | in the collection of DNA, and shall comply with the standard |
| 11:33:11 | 20 | conditions of supervised release, including all of the elements |
| 11:33:20 | 21 | that are listed in Part D of the pre-sentence investigation |
| 11:33:22 | 22 | report -- Part G, which includes all of these things: |
| 11:33:34 | 23 | Data encryption restriction, permissible computer |
| 11:33:39 | 24 | exam, offense related computer possession restriction, computer |
| | 25 | activity record-keeping requirement, computer modem |

| | | |
|---|---|---|
| 11:33:50 | 1 | restriction, computer possession restriction, employer computer |
| 11:33:52 | 2 | restriction disclosure, substance abuse treatment, |
| 11:33:55 | 3 | self-employment restriction, no unsupervised contact with |
| 11:33:58 | 4 | minors, no contact with minors, no contact with minors in |
| 11:34:02 | 5 | employment, no involvement with youth organizations, sex |
| 11:34:07 | 6 | offender treatment, Adam Walsh Act search conditions, and sex |
| 11:34:12 | 7 | offender registration, as noted in Part G of the PSI. |
| 11:34:17 | 8 | You will pay the $200 immediate assessment. |
| 11:34:20 | 9 | The total sentence is 235 months imprisonment, life |
| 11:34:28 | 10 | supervised release, and a $200 assessment. |
| 11:34:32 | 11 | You are given credit for the time that you've already |
| 11:34:35 | 12 | served. |
| 11:34:35 | 13 | Under U.S. versus Jones, any objections, other than |
| 11:34:43 | 14 | the ones that have already been announced, to the findings of |
| 11:34:43 | 15 | fact or the manner in which sentence was imposed? |
| 11:34:45 | 16 | MR. SMITH:  No objections, Your Honor. |
| 11:34:46 | 17 | However, I would request the Court to make a |
| 11:34:50 | 18 | recommendation, as is in the PSR, that she be allowed to attend |
| 11:34:55 | 19 | a drug rehabilitation course while she's in prison. |
| 11:34:59 | 20 | THE COURT:  Motion granted. |
| 11:35:00 | 21 | MR. SMITH:  I would also ask the Court to make a |
| 11:35:04 | 22 | recommendation, which I know is not binding on the Bureau of |
| 11:35:07 | 23 | Prisons, that she be placed in a facility that's closest to her |
| 11:35:11 | 24 | home in New York.  She asked for me request Danbury, |
| 11:35:19 | 25 | Connecticut. |

| | | |
|---|---|---|
| 11:35:20 | 1 | THE COURT:  Motion is granted. |
| 11:35:22 | 2 | MR. SMITH:  Thank you, Your Honor.  I have some other |
| 11:35:25 | 3 | motions regarding the appellate process right now as soon as |
| 11:35:28 | 4 | the Court is finished. |
| 11:35:30 | 5 | THE COURT:  The defendant is advised that she has a |
| 11:35:32 | 6 | right to appeal within 14 days.  If she cannot afford a lawyer, |
| 11:35:39 | 7 | one will be appointed for her.  If she cannot pay the cost of |
| 11:35:44 | 8 | it, that will be granted to her upon the showing of indigency. |
| 11:35:51 | 9 | The Court further finds that she is unable to pay a |
| 11:35:54 | 10 | fine; therefore, no fine is imposed. |
| 11:35:56 | 11 | Your other motions that you mentioned? |
| 11:36:01 | 12 | MR. SMITH:  Your Honor, I did come prepared with a |
| 11:36:03 | 13 | motion for leave to proceed in forma pauperis.  I also came |
| 11:36:08 | 14 | prepared with a motion for appointment of counsel on appeal. |
| 11:36:12 | 15 | I've been advised that I should file these electronically, |
| 11:36:16 | 16 | which I'll be doing.  If the Court cares to order the |
| 11:36:21 | 17 | appointment, I'd be happy to remain on the case for her. |
| 11:36:26 | 18 | THE COURT:  Does the government have any objection to |
| 11:36:28 | 19 | a finding that she's indigent?  I think, under the history of |
| 11:36:32 | 20 | this case, she clearly has no money to pay for this. |
| | 21 | MS. PERWIN:  No objection, Your Honor. |
| 11:36:38 | 22 | THE COURT:  That motion is granted, but you need an |
| 11:36:40 | 23 | order reflecting that I declare her to be a pauper and she's |
| 11:36:45 | 24 | entitled to counsel.  I will appoint Mr. Smith to be the lawyer |
| 11:36:49 | 25 | to handle her appeal and direct you to do so, of course, |

| | | |
|---|---|---|
| 11:36:53 | 1 | timely.  You've got 14 days to file it. |
| 11:36:58 | 2 | MR. SMITH:  I do have a copy of the order with me. |
| 11:37:02 | 3 | THE COURT:  Thank you.  You can leave it with Joyce. |
| 11:37:05 | 4 | The defendant is remanded into the custody of the |
| 11:37:09 | 5 | United States Marshal. |
| 11:37:13 | 6 | [Proceedings concluded at 11:35 a.m.] |

```
11:36:53  1   timely.  You've got 14 days to file it.

11:36:58  2           MR. SMITH:  I do have a copy of the order with me.

11:37:02  3           THE COURT:  Thank you.  You can leave it with Joyce.

11:37:05  4           The defendant is remanded into the custody of the

11:37:09  5   United States Marshal.

11:37:13  6           [Proceedings concluded at 11:35 a.m.]

          7

          8

          9              C E R T I F I C A T E

         10       I hereby certify that the foregoing is an accurate

         11   transcription of proceedings in the above-entitled matter.

         12

         13

         14

         15                   /S/ ROBIN MARIE DISPENZIERI
              _____   _____
         16    DATE            ROBIN MARIE DISPENZIERI, RPR
                               Official Federal Court Reporter
         17                    United States District Court
                               Wilkie D. Ferguson Federal Courthouse
         18                    400 N. Miami Avenue, Ste. 8S67
                               Miami, FL  33128 - 305/523-5659
         19                    Email:  Rdispenzieri@gmail.com

         20

         21

         22

         23

         24

         25
```

**A**

about 5:7,20 8:6,16 13:24 15:4 18:16
18:22 19:10 21:22 22:5 27:12,17
29:24 30:12 32:11
above-entitled 35:11
Abrams 1:18 3:4,9,10,14 5:5 7:7 8:4
8:17 9:13 18:9,11 22:2 23:22 24:2,9
24:25 25:7 27:19
Absolutely 14:8
abuse 23:8 29:24 33:2
abusive 12:17 27:9,10 29:21 30:7 31:5
31:6
According 5:19
accurate 35:10
accurately 27:14
act 19:2,9 21:17 23:11 26:19 33:6
action 7:14
actions 31:24
active 30:1
activity 8:22 32:25
acts 21:6
actually 3:5 24:21
Adam 23:11 33:6
add 19:6 31:12
added 18:24 19:2
additional 7:17 19:2,3,6,21 23:22
address 18:13 31:14,20
addressing 24:18
adds 19:21
adduced 15:11
admissible 11:24
advantage 17:3
advice 23:24
advised 34:5,15
advisory 18:20 20:20 21:11 29:19
31:10
afford 34:6
again 5:12 6:15 17:19 21:2
against 6:17
age 14:18 16:1
Agent 3:6
ago 30:4
agree 15:5 29:25 30:5
ahead 7:5
albeit 17:14
allowed 33:18
along 9:11
already 6:13 7:3 23:18 25:2,3 30:16
33:11,14
alter 13:12
although 6:24
always 10:1
Amanda 1:14 3:5,6
amanda.perwin@usdoj.gov 1:16
amended 4:21
AMERICA 1:4
amount 23:14 28:2
analysis 28:6
Anna 3:3
announced 33:14
announcement 21:22
another 22:7
anything 12:5 13:20 18:10 21:21 22:2
23:19 27:11 28:10 29:11
apologize 31:22
apparently 31:4
appeal 23:25,25 24:3,4 34:6,14,25
APPEARANCES 1:12
appellate 34:3
application 11:6 14:11 21:15
applied 26:24
applies 11:11 18:15 28:7
apply 28:12
appoint 34:24
appointed 24:5 34:7
appointment 34:14,17
appreciate 24:17 31:1
appropriate 22:8
approximately 8:25 19:11
APRIL 1:8
area 15:5 17:10,11
argue 7:19 30:14
argues 27:6
argument 6:16 7:4 8:20 9:21 11:18
18:2 25:2,2 29:9,24
arguments 29:4
around 8:1,16 15:25

arranged 15:15
arrival 5:14,18
arrived 15:24
ascertain 22:16
asked 10:5,11 33:24
aspect 27:6
assessed 17:14
assessment 23:14,17 33:8,10
assigned 21:5
assignments 8:13
Assistant 3:3
attempted 10:4
attend 33:18
attended 26:22
attorney 3:3 24:4
Attorney's 1:15
August 5:20
aunt 12:16 13:19 27:9
authority 29:3
Avenue 1:23 2:3 35:18
away 13:22 30:25 32:1
A.F.P.D 1:18
a.m 1:8 35:6
A.U.S.A 1:14

**B**

back 8:5 9:8,16 10:10 12:14 27:16
31:3
Backpage.com 11:14
bad 31:23
badly 27:10
bag 19:15,16
base 18:18
based 7:20 10:15
basic 6:7
basically 8:11
become 8:15
bed 9:8
bedroom 9:1,6
before 1:11 12:5,9 31:21
beg 31:25
behalf 3:6,18 4:8 18:9 23:19 28:6
behavior 7:21 14:14 20:1
being 3:14 4:21 5:1 13:20 16:6 17:15
17:19 21:19 32:1
believe 4:20 16:3 24:1 31:8,14
believed 16:4 19:14
belittle 20:12
below 29:3
benefit 3:24
better 30:21
beyond 19:25
binding 33:22
birthday 12:4,6
born 7:6 8:6
both 3:15 8:6 22:22 26:5 30:22
bought 11:13
briefs 27:7
bring 22:19
broken 13:22
brought 3:14 13:18 16:15
bumps 12:19,22
Bureau 22:11 32:6 33:22

**C**

C 35:9,9
calculated 20:8
call 12:14 13:17 16:4 20:24 25:21,21
called 12:7 13:18
came 9:16 24:21 25:16 28:1 34:13
capable 6:16
captivity 14:4,16
car 8:23
care 16:18
careful 31:3
carefully 21:1
cares 34:16
cars 7:1
case 1:3 3:2 6:20 7:13 8:6 10:17 11:23
13:13 14:5,7,12,23 15:18 17:5,8
18:16 19:9,18,23 20:1,12 21:1 25:8
29:6 34:17,20
category 8:15 12:21 17:17,22 18:19
20:19 28:23 30:6
cause 9:22
caused 19:20 31:22
cell 12:14 13:17 15:1,1

cellar 16:25
cellular 26:15
certain 8:7 9:24
certainly 21:3 26:9,16
certify 35:10
chained 17:9
chaining 16:24
challenging 9:18
chance 15:18
change 6:7 17:20
charge 20:13
charged 7:12
child 11:20 12:2 13:4,8,14 15:16 16:11
16:12,14 17:2,8 27:23
children 31:7 32:3
Christopher 1:7 3:17 22:11
cielo@bellsouth.net 1:16
circumstances 20:12 21:15 28:17
clear 6:9 25:11,24
clearly 34:20
client 3:18 18:10 26:1 31:12
clients 14:1 15:15
close 17:12
closely 14:11
closest 33:23
closing 6:16
cocaine 19:16
coercion 7:10,16 8:9,19 9:19,20 18:16
18:23 20:9
collection 23:3 32:19
come 11:3 34:12
comes 4:24
comfortable 15:3
coming 16:5
comment 14:7 21:22
commercial 19:2,9 21:6,7 26:18
commission 14:9 26:18
commit 32:17
committed 22:11 32:6
compassion 32:1
compelling 25:8
complete 14:15,16
comply 22:18 23:3 32:19
comprehensive 29:5
compromised 14:13,22
computer 19:1,7 21:16 23:6,7 26:9,9
26:13,13 32:23,24,24,25 33:1,1
computers 21:3
concluded 35:6
concludes 21:12
conclusion 14:3
concurrently 22:12,13,22 32:8,15
condition 23:12
conditions 23:4 32:20 33:6
condoms 11:14 14:24
conduct 7:12 9:4,23 14:21 25:14,23
confident 16:17
confine 27:23
conflicting 9:2
confused 12:2,3
confusion 22:4
Congress 13:6,13 17:18 23:15 28:16
Connecticut 33:25
consequences 31:24
consider 14:12 20:17
consideration 31:3
considered 12:1 27:3
contact 23:8,9,9 33:3,4,4
contends 18:8 26:22
contest 7:18
contradict 6:2
controlled 19:14 23:2 32:18
convicted 18:14
conviction 7:10 8:18 9:19 20:8
convictions 19:11
convinced 6:18 17:5 21:3
cooperate 23:3 32:18
coordinator 25:18
copy 35:2
correct 21:7,12 22:8 25:11 26:2,20
correctly 19:19
cost 24:3 34:7
counsel 4:7 5:1 6:15 17:10 18:7 23:19
34:14,24
Count 22:5,6,21,22 32:14,14
Counts 22:13 23:15 32:7
course 4:12 11:24 21:24 22:1 24:6

33:19 34:25
court 1:1 2:2 3:1,8,11,15,15 4:23 5:7
7:25 8:5 9:9 10:23 11:3,18 13:2
14:11 15:8 17:5,24 18:4 19:22
20:5,22 21:12,18,19,24 22:4,10,10
23:24 24:3,10,13 25:2,2,3,5,7,11
26:4 27:4,14,14,19,20,21 28:5,9,14
28:20,25 29:3,7,10,16 34:3,12,13
30:16,21,22 31:15,16,20 32:4,5
33:17,20,21 34:1,4,5,9,16,18,22
35:3,16,17
Courthouse 2:2 35:17
Court's 24:24 25:4 27:17 28:11
covered 27:4
co-counsel 24:18
co-defendant 29:6,8,13
credence 16:21
credit 24:6 33:11
crime 13:8
crimes 22:25 32:17
criminal 12:21 17:22 18:5,19 19:11
20:19 28:2,23
critical 17:15
custody 5:18 24:7 35:4

**D**

D 32:21 35:17
Dade 5:13
Danbury 33:24
dangerous 23:1 32:18
Data 23:6 32:23
DATE 35:16
dates 11:13 14:25 26:23
days 5:24 12:7 23:25 24:1 34:6 35:1
deal 11:19
deals 3:21
dealt 13:8 25:13
declare 34:23
defendant 1:17,21 3:4,19,19 4:8 5:9
11:7,9,13 12:8 13:25 15:11 16:6,22
21:11,24,25 24:6,11,15 25:14 26:5
26:21 31:18 32:16 34:5 35:4
defendants 1:9 3:15 8:6 26:5
Defender's 1:19
defense 4:5,7,25 5:1 6:15 18:7
deleted 6:5,12
denied 21:16 25:15 31:9
deny 26:14
described 25:17
determine 14:12
Detterine 3:7 24:15
develop 10:15
developed 6:19
device 23:1 32:18
difference 14:18
different 30:6
differently 29:13
direct 34:25
directly 26:6
disagree 17:11
disclosure 23:7 33:2
DISPENZIERI 2:1 35:15,16
disposed 29:7
dissipated 17:4
distinguish 29:9
District 1:1,1,11 23:5 35:17
division 1:2 30:22
divulged 6:4
DNA 23:3 32:19
docket 3:19
doing 9:15,15 11:21 13:25 17:15
19:24 34:16
done 8:8 9:17
doubt 12:8,10
down 9:5 13:17,18,23 16:15 20:18
27:5 29:2
drive 12:14
driving 8:14 13:17 14:24
drove 8:12 11:13
drug 33:19
due 15:6
during 7:19 10:5,15

**E**

E 35:9,9
each 23:15
eager 32:2

easily 14:21
easy 30:8
eat 9:7,16
effect 7:4
effort 14:4
eight 18:21 19:5 20:14
either 4:2
electronically 34:15
elements 18:8 19:10 32:20
ELLIOT 1:22
Email 1:16,20,24 2:4 35:19
embodies 18:21
employer 23:7 33:1
employment 23:9 33:5
encompasses 7:14
encryption 23:6 32:23
end 13:2 18:6 20:21 21:20 29:18 30:16
  30:24 31:11
ended 11:14
engage 7:12 9:23 25:16,23 26:7
engaged 9:4
enhancement 7:11 8:21 12:12 14:10
  19:21 21:4 25:5,22 26:17,19,24
  27:22
enhancements 18:25 21:7,17
enormity 19:20
enter 20:23
entitled 28:14 34:24
equally 28:12
eroded 17:4
error 6:1
erupted 15:17
escape 14:16
escaped 15:6
ESQ 1:22
essentially 18:21 19:23
evaluated 21:9
evaluation 21:12
even 16:8,8 25:7
events 15:11
ever 10:6 12:13 19:17
everything 3:12 13:11 15:17 16:10
  21:25 27:13
evidence 7:20 9:13 10:17 11:25 25:17
  25:24
exactly 11:8 14:9 19:24
exam 32:24
exchange 24:22
exercised 8:21 9:22
expected 11:16
experience 15:21 16:3,17
experienced 4:25 6:15 16:10 20:3
exposes 8:18
extra 12:19 13:10 14:5 16:23 17:6,17
extremely 20:16,16
extricate 16:23
extricating 13:4

F

F 35:9
facility 33:23
fact 4:22 8:10 9:14 11:12 14:17 15:20
  16:21,24 33:15
factor 21:5
factors 7:19 18:12 19:21 21:10
facts 14:12 15:10 17:5
failed 4:1
fairly 29:5
family 10:1 13:19 31:23 32:1,3
fashioning 13:8
fate 15:19
Federal 1:19 2:2,2 7:20 35:16,17
feel 14:25 15:2
feeling 15:4
felt 5:16
Ferguson 2:2 35:17
few 5:24
file 3:23 34:15 35:1
filed 3:18
final 15:11,12
find 21:14 22:14 26:9,15 28:14
finding 18:4 34:19
findings 18:17 21:16 33:14
finds 34:9
fine 5:15 15:20 22:14,14 34:10,10
finished 34:4
fire 5:14

firearm 23:1 32:17
first 3:21 4:3,15 10:11 11:5 16:3 25:13
  31:19
fit 3:22
five 22:7,21 26:21 32:14
five-minute 24:10
five-year 22:5
FL 1:16,20,24 2:3 35:18
Flagler 1:19
Florida 1:1,7 23:5
force 7:9,16 8:2,9,19 9:19,19 17:4
  16:13 20:9 27:24
forced 9:10 13:15
forcibly 27:23
forcing 8:15 16:24
foregoing 35:10
foremost 31:19
forma 24:4 34:13
forward 31:13
found 6:17 19:24 27:21
four 19:2,3,5,18 20:15 25:12 26:17
  27:2
fourth 26:11
fraud 7:9,16 18:16,23
free 14:25 15:4
friend 5:11,11,21
from 4:4 13:17,23 14:4,24 16:15 18:7
  19:4,11 20:18 21:1 22:25 23:11
  24:1 25:16,16 27:11 29:6,13 32:1
  32:17
further 27:11 29:9 32:9 34:9

G

G 23:13 32:22 33:7
gas 13:22
getting 14:1 31:3
girl 5:16 10:20
girlfriend 5:22
give 4:1 12:4 14:2 29:7,20
given 20:23 24:6 28:1 33:11
go 7:5 8:1 9:1 10:18,21 26:15 27:16
  29:3 31:7,13
God 15:19
goes 8:17 13:11
going 7:22 16:13 20:23,24 27:4
good 3:10 15:8 17:14 31:18
gorilla 11:22
gotten 18:2
government 1:13 3:4,9,22,25 4:4,17
  6:2 20:24 21:21 22:17,19 24:14,22
  25:1 32:10 34:18
government's 28:13
Grand 1:23
grant 30:13
granted 17:13 33:20 34:1,8,22
granting 31:20
gray 15:5 17:10,11
great 11:19
guideline 12:20 17:22,24 18:4,7 20:7
  21:19,20 28:20 29:18 30:17 31:11
guidelines 11:1,5 13:7,13 15:7 19:4,6
  19:22 20:7,10,18
guilty 19:24
gun 5:14
gunshots 15:17

H

hair 9:6,12
handle 34:25
happen 17:9
happened 9:3 15:12
happy 34:17
harm 31:22
hear 4:3 18:7 27:11 28:10
heard 12:1 25:2
hearing 1:10 6:21 22:19 32:12
heartbeat 16:18
held 9:5,12
helped 32:1
helpful 4:19 5:16
helping 8:14
her 4:10,10,13 5:2,8,11,17,20,21 6:8,9
  7:22,22 8:1,1,10,12,12,14,14,21 9:5
  9:6,12,13,22,22 10:1,5,12,22 11:14
  11:15 12:7,9,9,10,14,16,16,17 13:18
  13:24 14:1,1,4,24 15:1,2,4,23,23,25
  16:3,5,5,6,6,8,9,12,13 17:11 25:17

heroin-addicted 27:8 31:5
herself 6:8 8:1 9:3,7,16 10:18 13:5
  15:25 16:23 25:18
hi 5:2,3
him 5:11 6:17 10:8,10 15:14,25 16:2,5
  16:11
hire 8:12
history 12:21 17:22 18:5,19 20:19
  28:3,23 29:25 34:19
hold 26:14,19
home 5:24 8:24 10:2,3,7 12:14 27:8
  33:24
Honor 3:5 4:20 11:1,4,17 14:8 15:7
  18:12,24 20:17,21 21:23 23:22 24:9
  24:17 28:4,8,11,19 29:1,12,22
  30:11,20 31:18,25 33:16 34:2,12,21
HONORABLE 1:11
horrible 16:23 17:9,17 28:15,15
hotel 13:23,23 14:23
house 12:5 27:24
H.G 4:9 5:20 7:22 9:3,23 10:15 11:9
  11:13 15:16,23 26:7

I

immediate 33:8
imposed 22:15 23:15 33:15 34:10
imposition 17:17
imprisoned 22:12
imprisonment 17:22 23:16 28:23 32:7
  33:9
inclined 10:16 18:6 21:19 28:9 29:18
  30:13,16
includes 32:20
including 23:5 32:20
increase 11:11 19:20
indicated 16:11
indicates 16:23
indigency 34:8
indigent 34:19
inducing 26:6
influence 7:17 8:21 9:22 10:19 11:7
  11:16 14:13,18 18:25 24:25 25:6,25
  26:1
influenced 25:22
influencing 7:12
informed 19:13
infringement 19:13
initial 5:8,8
initials 6:13
insisted 16:4
insisting 16:12,12,13
instruct 14:11
integral 21:3
intend 30:23
intended 24:21
interactive 26:13
Internet 8:11 13:24
interpret 5:1
intervenes 15:20
interviewed 5:19
introduced 5:11,21
introduction 5:8
investigation 3:12 32:21
invite 14:7
involve 8:19
involved 12:23 15:13 19:9,15,15 21:6
  26:5,18
involvement 23:10 33:5
involves 19:7
involving 19:12 20:9
isolation 14:15
issue 4:8,12,12 5:1,3,4 6:7 7:16 9:20
  9:21
issues 21:8 25:7

J

jail 19:17 20:15
JAMES 1:11
Jennifer 1:8 24:13 32:5
Jones 23:20 33:13
Joyce 35:3
Judge 1:11 3:10,14 5:5 7:7,18,23 9:18
  10:13 18:11 19:10 22:3
judgment 17:14 21:18 22:10 24:1
  31:23 32:5

juncture 7:8 9:18
jury 6:16,18 7:4,15 9:9,20 12:1 18:17
jury's 7:8,8
just 7:22 8:20 18:13 19:22,23 25:4
  27:4,16
justify 18:8

K

keeping 16:24
kept 13:15
kidnap 27:23
kidnapped 13:9,20 17:9
kidnapping 16:24
kind 19:10
KING 1:11
knew 4:13 6:8,19,25 12:9,17
know 5:14 7:21 10:9 11:17 16:1 30:22
  33:22
knows 18:12

L

late 10:2
later 12:7
law 20:2 32:11
LAWRENCE 1:11
lawyer 24:5 34:6,24
least 11:7 13:4 14:3
leave 10:4,6 15:1,5 30:20 32:10 34:13
  35:3
leaves 28:20
leaving 10:1
left 9:15 12:5
lends 16:21
lesser 28:2
let 12:4
let's 4:23 5:4,12
level 12:21 17:20,21 18:5,14,18 20:18
  27:22 28:22
life 12:22 22:6,8,21,22 23:16 31:5 32:2
  32:14 33:9
light 20:2
like 4:18 5:1 13:9 16:19 25:4 30:5
  31:19,21
limit 7:5
line 27:5
list 18:12
listed 32:21
listen 18:9
lived 10:9
living 11:22
load 30:17
logical 14:3 17:16
long 32:1
long-time 27:9
look 4:23 5:4
looked 31:8
looking 10:20 13:3
loss 32:9,11
losses 22:16,18
lot 15:21 16:18 31:7
low 13:2 18:6 20:21 21:20 29:18 30:15
  30:16,24 31:11
lower 24:23 29:14

M

made 7:4 9:3,7,16 18:24 25:3 26:4
  28:6
maintain 25:1 27:2
make 5:12 33:17,21
making 14:4 27:20
man 5:15 13:14,25 17:3
mandatory 8:18 19:4 20:6 29:3
Manhattan 5:10
manner 23:21 33:15
many 13:16 14:2 16:21
MARIE 2:1 35:15,16
marijuana 19:15
Marshal 24:8 35:5
Martinez 3:3
materials 23:11
matter 6:17 8:3 11:10,12 21:13 35:11
matters 29:21
may 3:24 8:8 13:6 32:4
maybe 4:17 30:25
mean 7:5 15:5
means 13:4
meeting

Case 1:12-cr-20634-JLK   Document 83   Entered on FLSD Docket 05/22/2013   Page 38 of 40

4:15 5:9
**memorandum** 29:1,4
**memory** 15:10
**mentioned** 34:11
**mercy** 31:25
**met** 4:9,10 5:2 7:2,23 9:1 10:11
**Miami** 1:2,7,16,20,24 2:3,3 4:14 5:13
12:10 13:18 35:18,18
**microphone** 31:17
**might** 27:16
**mind** 7:3 13:6,7,13,14 14:10 17:18
28:16
**minimize** 20:12
**minimum** 8:19 19:4 20:6 29:2
**minor** 6:24 7:9,12,15,15 14:13,20 16:4
18:15,22 20:3 25:23
**minors** 23:8,9,9 33:4,4,4
**minor's** 14:14,21
**misdemeanors** 19:12
**misperception** 4:7
**modem** 32:25
**moment** 3:16 30:4
**money** 26:22,23 34:20
**months** 12:22 13:1,3 17:23 18:20,21
19:4,5,5,18 20:10,14,15,20 22:12,13
23:16 28:24 29:18 32:7 33:9
**more** 14:19 16:1 20:6,15 25:7 29:6
**morning** 3:10 24:21 31:18
**most** 19:17 27:22
**mostly** 19:12
**mother** 12:7,16 13:18 15:23 16:5,5,6,9
16:13 27:8 29:21 30:7 31:5
**motion** 3:18 17:13 24:20 30:14 33:20
34:1,13,14,22
**motions** 24:19 34:3,11
**mouth** 30:22
**move** 6:11
**moved** 13:23
**much** 17:11 27:13 31:21
**must** 23:3 32:18
**myself** 32:3

**N**

**N** 2:3 35:18
**name** 7:22
**nature** 8:17
**necessary** 19:25 20:7
**need** 22:17 32:11 34:22
**never** 10:4
**Nevertheless** 4:14
**New** 4:11 5:21 7:24 10:2 12:5 13:17
16:16 33:24
**next** 5:24 9:5 24:11
**night** 8:25 10:2 16:20
**nine** 19:6,21
**nobody** 15:25
**nod** 30:24
**none** 9:14
**note** 28:12
**noted** 3:25 23:13 33:7
**notes** 8:5 11:6 14:11 21:2
**nothing** 5:7 6:2 16:13 21:14 23:22
**Nowadays** 19:8
**nudge** 30:24
**number** 3:2,19 10:24 18:1,1 26:17,21
27:1,2,18
**N.E** 1:15

**O**

**objected** 25:14
**objection** 3:22 4:3,5,6,14,21 6:6,11,14
6:23 7:11 10:24 18:1 21:21 23:20
24:25 25:1,5,18,20,24 26:2,8,10,11
26:12,19,21 28:13,17 34:18,21
**objections** 3:18,20,23 24:19,22 25:9
25:12 27:17 33:13,16
**observed** 9:4 16:11
**obviously** 6:18 21:6
**occurred** 15:20
**offender** 23:10,12 33:6,7
**offense** 7:14 12:21 17:20,21 18:5,14
18:15,18,18,22 19:7 20:8,18 25:13
26:18 28:22 30:1 32:24
**offenses** 19:8
**Office** 1:15,19 21:5
**officer** 3:25 4:1 5:15 12:24,25 15:21
15:21 16:10,17 17:14,15,21 21:8

22:6,9 28:4,22
**officers** 5:13 16:19
**Official** 2:2 35:16
**okay** 27:4
**old** 4:10,13 5:3,18,23 6:1,4 7:21 12:4
15:23 17:3 26:7
**older** 5:14,15 11:8 13:14 15:21 16:1
16:12
**once** 17:20
**one** 3:16,21 8:20 10:5 15:9,11,12,22
16:19 17:10 19:14 22:6,6,7 25:1,5,6
25:13 27:2,16,19 34:7
**ones** 33:14
**only** 6:21 15:1 27:2
**opinion** 20:23
**opportunities** 13:21 14:2 16:22
**opportunity** 14:16 24:18 31:20
**order** 6:3,5 34:16,23 35:2
**ordered** 32:9
**organizations** 23:10 33:5
**other** 3:15 7:2 9:7,11 13:21 14:15 16:6
18:25 19:15 22:25 23:1,18 25:9
26:5 27:16 29:21 33:13 34:2,11
**otherwise** 25:22
**ought** 30:6
**out** 5:15 6:8,13 8:11 10:2 11:5 12:13
13:5 14:4 15:14,18,22 16:15,20,25
17:9 19:10,23 20:14 28:2 30:1,21
**outside** 16:22 21:11
**outstanding** 10:1
**over** 5:12 8:21 9:22 14:13
**overall** 28:13
**overlook** 8:10
**overnight** 5:23
**overrule** 26:9
**overruled** 26:10
**own** 21:2

**P**

**page** 6:5 27:18
**paragraph** 4:24 5:4,5,7,10 6:5,14
19:19 25:14,20 26:11,12,17 27:18
**paragraphs** 3:21 19:12
**part** 6:3 13:4 14:3 21:4 23:13 32:21,22
33:7
**participant** 25:22 30:1
**participant's** 14:13
**participate** 8:22
**particular** 17:7
**particularly** 20:2
**party** 12:5,6
**past** 19:11 20:4,15
**pauper** 34:23
**pauperis** 24:4 34:13
**pay** 22:14 24:3 33:8 34:7,9,20
**paying** 14:23,24
**pending** 26:25
**people** 7:1 10:21 13:7,14 15:14 16:24
**percent** 11:20
**percentage** 11:20
**perception** 4:7
**perform** 11:15,16
**perhaps** 4:7
**period** 22:5,12
**permissible** 32:23
**permission** 25:4
**person** 26:7
**personal** 21:2
**persuasiveness** 17:16
**Perwin** 1:14 3:5,5,8 4:20 10:24 11:1,4
14:8 21:23 24:14 28:9,11 29:11,12
29:22 30:3,10,13,20 34:21
**phone** 12:14 13:17 15:1,2 16:7
**pick** 15:22 16:5,9,13
**picture** 11:14
**pictures** 8:10
**pimp** 25:18
**pimping** 6:2
**place** 9:14 10:11,13,21,21
**placed** 4:25 10:18 22:20 32:13 33:23
**places** 8:12 14:1
**Plaintiff** 1:5
**pleadings** 6:24
**please** 11:3 16:15 17:19
**pleased** 27:11
**podium** 11:3
**point** 11:5,18 15:6 16:14 17:5,25 18:3

20:13,24 27:16 30:1
**pointed** 19:10
**points** 7:17,18 12:19,22 13:10 14:6
17:6,13,17 19:2,3 25:6 27:20,25
28:1,15
**police** 5:13,15 15:18,20,21
**policeman** 16:7,8
**position** 3:24 4:15 8:7 9:23 10:16,18
21:9
**possessing** 23:1,11 32:17
**possession** 23:6 26:23 32:24 33:1
**powder** 19:16
**Precisely** 28:8
**prepared** 31:10,11 34:12,14
**presence** 16:22
**presented** 21:24
**presume** 31:11
**presumption** 11:2,6,10 14:17 17:3,4
**pretty** 27:13
**pre-sentence** 3:11 32:21
**prior** 19:18
**prison** 33:19
**Prisons** 22:12 32:6 33:23
**probation** 3:25 4:1 5:25 6:12 12:24,25
17:14,15,21 21:5,8 22:9 28:4,22
**problem** 13:10 14:7
**proceed** 34:13
**proceedings** 35:6,11
**process** 34:3
**proclivities** 9:24
**prohibited** 22:25 25:23 32:17
**promising** 24:22
**promoting** 20:2
**pronounced** 23:21
**proper** 19:25 21:4,7
**proportional** 29:23
**prosecution** 25:16
**prostitute** 7:3 8:1,11,15
**prostituting** 6:8
**prostitution** 4:14 8:13 11:13 12:9,10
12:18 13:15 14:25 26:7 27:24
**provided** 15:2
**provides** 18:20 20:19
**PSI** 3:20 4:21 6:6,21 19:18 23:13
33:7
**PSIs** 22:4
**PSR** 25:14,21 27:13 33:18
**Public** 1:19
**publishing** 13:25
**punishing** 20:1
**punishment** 19:23,25 27:22
**purpose** 12:19
**purposes** 12:11
**pursuant** 7:20 21:10
**pursue** 26:2
**put** 4:13 6:8,13 8:11 12:9,10 13:9,15
**putting** 13:24

**Q**

**qualify** 31:8
**quantities** 19:14
**quarrel** 7:7
**question** 12:11,12 17:12 26:6 28:5
**questions** 10:5
**quite** 6:9
**quote** 4:9 6:3 8:24 15:15 25:24

**R**

**R** 35:9
**raised** 27:8
**range** 12:20,25 17:23,24 18:5,7,20
20:7,20,21 21:11,19,20 22:9 28:20
28:23 29:18 30:17 31:11
**rationale** 28:6,11
**Rdispenzieri@gmail.com** 2:4 35:19
**read** 18:12 21:2 27:7
**ready** 31:13
**realize** 32:2
**really** 3:17 18:2
**reason** 7:18
**reasons** 6:19 18:13 29:2 30:18
**recess** 24:10,12
**recital** 15:9
**recommend** 30:24
**recommendation** 4:2 24:23 29:22
31:2 33:18,22
**recommending** 29:16,17 30:2,9,10

**record** 4:18 6:9,20,20,21,22 8:9 21:1
25:11 30:17
**record-keeping** 32:25
**rectify** 32:2
**reduce** 12:23
**reduced** 27:19,25
**reduction** 28:15
**refer** 7:22
**reference** 5:6
**referred** 4:9 17:10
**reflect** 4:22
**reflecting** 34:23
**regard** 16:19
**regarding** 22:18 34:3
**registration** 23:12 33:7
**regret** 31:21
**rehabilitation** 33:19
**rejected** 7:5
**related** 32:24
**relationship** 27:9 31:6
**relatively** 14:21 19:13 20:3
**release** 22:6,20,21,23,25 23:4,17 32:13
32:16,20 33:10
**remain** 32:4 34:17
**remanded** 24:7 35:4
**remember** 19:19
**repeated** 6:16
**replica** 19:13
**reply** 20:25
**report** 3:12 5:13,25 32:22
**REPORTED** 2:1
**reportedly** 9:4
**Reporter** 2:2 35:16
**request** 20:17 25:12 33:17,24
**require** 14:15 15:7
**required** 23:15
**requirement** 32:25
**requires** 32:11
**reserved** 17:8
**resolved** 9:9
**respect** 3:17 8:20 13:12 15:6 16:19
18:11,25 20:2,11 21:8 22:24 23:24
**respectfully** 19:22 20:11,17 31:25
**respond** 3:23 4:1,5,18
**responded** 5:13
**response** 7:25 10:12,24
**responsive** 20:25
**restrain** 27:23
**restricted** 23:11
**restriction** 23:6,7,7 32:23,24 33:1,1,2
33:3
**retained** 26:22
**reviewed** 3:11,12 8:5 21:1
**right** 3:8 6:12 12:10 13:2 17:24 21:25
23:25,25 24:4 27:5 31:2 34:3,6
**rise** 14:3 27:21
**Rivera** 1:8,21 7:23 9:4,15 10:19 16:6,7
16:8 24:13,23 25:8 28:12 29:12
32:6
**ROBIN** 2:1 35:15,16
**room** 9:7,16 11:22
**rooms** 14:23
**rough** 31:7
**RPR** 2:1 35:16
**Rule** 7:20
**ruled** 25:7
**rules** 10:15 11:24
**ruling** 18:24 24:24 25:3 26:4 27:17,20
28:13
**run** 22:22 32:14
**run-away** 9:25,25

**S**

**S** 35:15
**sale** 19:13
**same** 3:5 6 26:4 27:20 28:1,6,14
**saw** 16:10
**saying** 29:17,20 30:5
**says** 5:7,10 22:6,7 25:1,17,25 26:1
**scenario** 14:5,9
**search** 23:12 33:6
**second** 6:11,14 25:20
**Section** 11:6
**see** 3:22 13:16
**seemed** 8:6
**seems** 6:9 22:7
**self-employment** 33:3

sending 16:25
**SENIOR** 1:11
sense 5:12
sent 15:18,22
sentence 12:20 13:8 18:6 19:7 20:5,14
20:21 21:20 23:16,20 28:1 29:14,23
31:10,11 33:9,15
sentences 20:3
sentencing 1:10 6:20 13:7,13 21:11
31:13
seriousness 20:13
served 19:17 20:15 22:13 24:7 32:8
33:12
service 26:13
services 11:15
severe 27:22
sex 7:9 9:11 18:15,22 19:2,9 20:9 21:6
21:17 23:10,12 26:18 33:5,6
sexual 9:24 23:11 25:23
shoot 24:25
shoot 15:14
short 24:12
shower 9:8
showing 34:8
sides 30:22
significant 20:16
simply 4:6 11:19 14:18 20:8
since 4:17
sir 8:4 22:9 24:2 26:3 27:1
sitting 12:20
situated 29:13
situation 16:25 17:1,2 28:16
Sky 1:22,23
slapped 8:1
slapping 8:16
sleep 9:1 10:21
small 19:14,15,15
Smith 1:22,23 24:15,16,17 26:3 27:1
27:13 28:8,19,25 29:1,20 30:5 31:3
31:14 33:16,21 34:2,12,24 35:2
Smith's 29:24
some 11:20 13:12 15:4,14,15 18:9
22:4 24:19,19 34:2
somebody 7:2
somehow 15:13
someone 12:15 20:14
something 4:4 7:3 9:7,16 12:12 13:3,9
15:19 25:13 31:12
sometimes 12:3 15:19
somewhere 31:1
soon 34:3
sorry 5:16 26:12 31:23
sort 13:10 18:9
sounded 30:5
Southern 1:1 23:5
speak 22:1 31:16
speaking 27:17
special 3:6 23:14,17
specifically 18:13,23
spend 10:21
spent 5:24 8:24
spin 4:25
spoke 16:8
spoken 7:15 9:20
stand 29:4,9 30:23 31:16,21
standard 23:4 32:19
standing 15:24 32:4
start 5:12
starts 18:18
stated 6:23 27:13 29:1
statement 9:13
statements 9:2
States 1:1,4,11,15 3:1,6 24:8,13 35:5
35:17
station 13:22
stay 9:6
stayed 5:23 10:3
Ste 1:23 2:3 35:18
steps 22:17
Stewart 1:18 3:4
stewart_abrams@fd.org 1:20
still 24:1 26:25
stood 30:4
stop 28:16
straightforwardly 4:6
stranger 8:24
stranger's 8:24
street 1:15,19 6:25 7:24 10:20 15:22

15:25
streets 4:11 10:2
stricken 6:13
subliminal 11:25
submit 25:5
submitted 23:18
substance 19:14 23:2,8 32:18 33:2
substantially 12:23
suffering 31:22
suggest 5:25 19:22 20:11 25:17
suggested 11:25 25:15
suggests 10:17 27:6
summarized 27:15
summary 27:14
supervised 22:6,20,23,24 23:4,17
32:13,16,20 33:10
sure 8:13 12:1 32:12
survive 6:25
sustained 6:6 27:3,19 28:18

T
T 35:9,9
tacked 17:6
take 3:16 4:3,23 10:6,10 12:14 15:23
19:3 22:17 24:10,11
taken 5:18 13:14 15:1 16:18 21:9
takes 17:16 19:23
taking 7:14 14:1
talk 12:16 30:21
talked 13:19
talking 13:24 30:12
telephones 26:15
tell 4:18 6:1 7:6 12:3,4,24 13:19 16:2
29:15
ten 11:7 14:18 19:11
term 22:21 32:6,14
terrible 15:13 31:5
Terry 1:7,17 3:1,9,17 5:22 7:23 8:18
9:1,4,14 10:6,11,19 18:14 19:17,24
20:3,5,21 22:2,11 25:16 26:22 27:9
28:6 29:13,24 30:7 31:6
Terry's 3:19 10:3 19:3,7,10 20:1,7
testified 14:25
testify 8:2
testimony 7:25 8:2,7 9:10 15:4,10
thank 10:23 11:4 15:8 20:22 23:23
24:9,17,18 28:19 29:10 31:19 32:4
34:2 35:3
their 3:24 5:24 9:1 31:2
themselves 11:1,5
they'd 12:18
thing 11:23 15:9 22:7
things 10:14 13:11,24 15:12 17:9 31:7
32:22
think 5:15 9:10 12:23 14:9 15:7,19
17:11 27:14,17 28:11 29:5,12,13,15
29:23 30:18,21 32:12 34:19
thinking 14:20
third 26:8
threatened 11:15
three 18:1,1 27:2,18
threshold 11:10
through 18:12
thrust 11:18
time 5:22 6:4 10:22 11:20,21 13:4
14:3 19:17 20:15,24 22:16 24:7
25:10 33:11
timely 35:1
times 13:16
Title 32:10
today 31:21
told 4:8,10,15 12:8 13:11 15:25 16:5
17:20
total 12:21 17:21 22:22 23:16 28:22
33:9
totally 6:18 21:4
touch 15:9
trademark 19:13
trafficking 7:9 18:15,22 20:9
tragic 15:12
transcript 1:10 21:2
transcription 35:11
transported 5:19
transporting 7:15
treated 27:10
treatment 23:8,10 33:2,6
trial 6:19,21 7:19 8:6 10:5,15 11:25

15:10,11
tried 5:16
true 31:4
truly 31:33
turn 6:14
TV 9:8
two 5:8 7:17,18 9:11 10:25 12:7,19,22
13:10 14:5 17:6,13,17 19:20 22:4
25:6 27:20,25 28:1,15
two-level 11:11 25:21 26:17,24
two-point 8:20 12:12 14:10 27:22
type 13:12
T-e-r-r-y 3:1

U
unable 22:14 24:3 34:9
under 5:2 11:24 16:2,11 18:2,8 21:15
23:20 26:6 28:17 31:9 32:9 33:13
34:19
underlying 11:22 13:11
understand 29:17,24 31:24
understands 6:12
undisputed 11:12
undue 7:17 8:21 9:22 10:19 11:7,16
14:17 18:25 24:24 25:6
unduly 7:11 25:22,25 26:1
unfortunately 7:2
United 1:1,4,11,15 3:1,6 24:7,13 35:5
35:17
unless 21:20 31:12
unquote 4:9 8:24 15:15
unsupervised 23:8 33:3
unwillingly 13:9
upset 12:18
urge 20:5
use 12:14 15:2 19:1
used 13:17 15:3 26:9,9,13,14,16
using 15:3
U.S 3:3 23:20 33:13
U.S.C 21:10 33:18

V
variance 18:8 20:18 21:14,16 25:12
27:6,12 29:2,7,16,20 30:2,6,9,10,14
30:18,25 31:9,9
verdict 7:8,8
versus 3:1 23:20 24:13 33:13
very 5:15 6:15,16,23 8:17,25 10:10
15:8,20 17:11,12 18:13 27:10,10
victim 4:9 5:20,21,22 7:21 11:8 15:16
15:22,23 22:16,18 25:15,25 26:1,23
31:23 32:9,11
view 14:20 24:24 28:9 29:19
voluntariness 14:14,21
vs 1:6

W
W 1:19
Walsh 23:11 33:6
want 7:6 10:8,14 12:13,13,16 24:18
30:17,19 31:14
wanted 11:21 28:16
warrant 9:25 21:10,14
wasn't 4:15
watched 9:8
watches 19:13
way 13:21 21:21 23:19
week 8:25 10:3
well 5:11 6:23 12:3 15:3 18:13 19:1,25
30:23
well-written 27:7
went 5:15 8:5,12,24 9:7,8 10:3
were 6:19 7:19 9:2,15,15,17 10:14
12:17,22 13:7,16,18,21 14:2 15:11
15:18 17:13 18:17 20:10 21:3,6
26:5,16 27:17 30:5,13
we'll 24:10,11
we're 18:1 31:13
whatsoever 14:13
while 5:10,21 9:14 22:24 32:16 33:19
whole 11:22,23
Wilkie 2:3 35:17
willfully 10:18
willing 6:25 8:25
willingly 8:23 10:3
wise

6:25 10:20
wish 4:4 22:2 26:2 27:11 28:10
wishes 21:25
withdraw 24:22 25:9
withdrawn 25:19 26:25 27:1
woke 9:2
woman 6:25 7:23 8:23 9:11 10:13,18
11:19 12:2
words 7:2 14:15
worst 14:5
worthy 29:6,14
wrong 4:19,21 16:14
wrongdoing 32:2
wrote 14:10

Y
Yeah 16:8
years 4:10,13 5:3,23 6:1,4 11:7 14:18
18:21 19:4,5,5,6,21 20:6,14 22:7,21
29:15 32:14
York 4:11 5:21 7:24 10:2 12:5 13:17
16:16 33:24
young 6:25 10:13,17,20 11:19 12:2
youth 23:10 33:5

S
$100 23:14
$200 23:14,17 33:8,10

0
08S67 2:3

1
1 22:5,13,21 23:15 28:23 32:7,14
10:30 1:8
11:35 35:6
12-20634-CR 3:2
12-20634-CR-JLK 1:3
14 3:21,22 4:24 5:4,7 23:25 24:1 34:6
35:1
15 18:20 19:4,5 20:6,14 29:15
15-year 8:18 29:2
150 1:19
16 4:10,13 5:3,23 6:1,4,9 11:20 12:8,9
16:1,1,2,11
16-year 5:18 7:21 15:23 26:7
17 11:9
18 21:10 22:18 32:10
188 18:20 19:4 20:10,20
19 5:3
19-year 12:4
1983 11:9

2
2 1:8 22:6,13,22 23:15 32:7,14
2G1.3 11:6
2012 5:20
2013 1:8
235 18:20 20:10,20 28:23 29:18 32:7,7
33:9
235-month 29:23
24 19:5
26 25:20 27:18
27 6:15 26:11,12,17
292 12:25 13:2 17:23 21:19 22:12,13
23:16
293 18:5 28:24

3
3 3:21,21 5:5,10 6:5 12:21 17:22 18:5
18:19 20:19 26:12
3/22 3:19
30 11:10
30-year 17:3
305/445-2201 1:24
305/523-5659 2:3 35:18
305/530-7000 1:20
305/961-9013 1:16
3059 1:23
310 1:23
3264(d) 22:18
33128 2:3 35:18
33130 1:20
33132 1:16
33133 1:24

**34** 18:14,18 20:18
**3553** 18:2,8 21:8 31:9
**3553(a)** 18:11 21:10
**360** 12:22 13:3
**365** 12:25 17:23 18:5 21:19
**38** 17:21 18:5 19:12 28:22

---
**4**

**4** 6:5
**4th** 1:15
**40** 12:21
**400** 2:3 35:18
**412** 7:20
**46** 19:19
**48** 19:12

---
**5**

**5th** 5:20
**50** 11:20

---
**6**

**6** 25:14
**61** 3:19
**65** 13:3

---
**8**

**8S67** 35:18
**80** 11:20

---
**9**

**9** 27:18
**90** 11:20
**99** 1:15